LOUIS HAMMER ET AL. v. JOHN WOODS.

No. 177.

1. **Injunction — Multifarious Petition.** — In a suit brought against the members of a partnership, an individual in said firm, and a sheriff, for an injunction to restrain the sale of household furniture under two separate writs issued from the same court, *Held*, that the petition is not multifarious when it shows that the same property was levied on by the same officer, and was in his possession at the same time, by virtue of two writs from the same court, one of which was issued on a judgment in favor of the partnership firm, as such, and the other in favor of an individual, who was also a member of the firm. Both judgments were against plaintiff (appellee), and the grounds for enjoining the levies were the same, according to the allegations in the petition.

2. **Res Adjudicata.** — A judgment by a court of competent jurisdiction in a cause between the parties involving the same subject matter, i. e., foreclosing the landlord's lien on the property involved in the suit, was conclusive of the lien on the property, and the matters alleged could not be shown in avoidance of it.

APPEAL from the County Court of El Paso. Tried below before Hon. J. E. TOWNSEND.

*M. W. Stanton*, for appellants.—1. The court erred in overruling the special exception of defendants, urged in their said original answer, to plaintiff's original petition, claiming that there is a misjoinder of parties, and that the petition for injunction is multifarious. Bank v. Bates, 76 Texas, 329; De Gress v. Hubbard, 2 Posey's U. C., 735; Clegg v. Varnell, 18 Texas, 305; 2 High on Inj., sec. 1549; Dilley v. Doig, 2 Ves., Jr., 486; Pollock v. Lester, 11 Hare, 274.

2. The appellee having failed to assert or rely upon the defense upon the former trial, that the property in question was exempt from forced sale, can not after final judgment foreclosing landlord's lien set up his claim that the said property is exempt, even though the said property is exempt as a matter of fact. Railway v. Ling, 1 W. & W. C. C., secs. 559–561; Teal v. Terrell, 48 Texas, 491; Weatherford v. Mays, 4 Texas, 101; Tadlock v. Eccles, 20 Texas, 782; Bullard v. White, 2 Willson's, C. C., sec. 286; Nevins v. McKee, 61 Texas, 412.

No brief for appellee reached the Reporter.

NEILL, Associate Justice.—John Woods brought this suit against Richard Caples and Louis Hammer, composing the firm of Caples & Hammer, and Richard Caples personally, and James H. White, as sheriff of El Paso County, for an injunction to restrain them from selling under an order of sale and an execution seven sets of household furniture, which he claimed were exempt from forced sale because he was the head of a family.    He alleged, that the property had been seized by said sheriff by virtue of an execution issued out of the County Court of El Paso County in favor of Caples & Hammer against him, in cause number 654 on the docket of said court, for the sum of $710, interest, and costs of suit, and also by virtue of an execution issued out of said court in Richard Caples' favor, against him, for $195.05, and that the levy of said executions upon his property was made at the instigation of Caples & Hammer and Richard Caples.    He alleged the value of the furniture to be $900, and that its seizure was to his damage in that sum; and he prayed for a writ of injunction prohibiting the defendants from proceeding further under said levy until the termination of the suit, and for his damages.

A temporary writ of injunction was granted by the county judge of El Paso County, as prayed for.

The defendants in their original answer interposed a general exception to plaintiff's petition, and also specially excepted to it upon the ground that the petition was multifarious, in that the firm of Caples & Hammer and the members thereof were improperly joined with Richard Caples, as two separate levies were made upon the property, and that by reason thereof there was a misjoinder of parties.    They also plead a general denial, and specially, that on the 27th day of January, 1890, the firm of Caples & Hammer recovered a judgment in cause number 654 upon the civil docket of said County Court against the appellee, John Woods, for the sum of $710, interest, and costs of suit, and in said suit foreclosed their landlord's lien upon the property the sale of which appellee sought to enjoin in this case, and that if appellee ever had any right to claim that the property was exempt from forced sale, he was precluded and estopped from now doing so by said judgment of foreclosure.

The appellants also plead specially, that said property at the time of its alleged seizure was not used by appellee's family, but was used by him in keeping a lodging house, and therefore did not come within the exemption provided by statute.

By a supplemental petition the plaintiff alleged, in avoidance of defendants' plea of estoppel, matter to the effect that a landlord's lien never in fact existed in favor of Caples & Hammer on five sets of the furniture in question, and averred that the foreclosure of such lien was fraudulent and void.

By a supplemental answer the defendants excepted to plaintiff's supplemental petition, upon the grounds, (1) that it showed an adjudication

of the matter in controversy; (2) that it appeared therefrom that plaintiff failed to assert his claim as to the exemption of the property upon the trial of the cause wherein a landlord's lien was established and foreclosed; (3) that it showed no reason why plaintiff did not have the decree of foreclosure, if erroneous, corrected by motion, appeal, or writ of error; and (4) that it was not properly verified.   Defendants also interposed to it a general denial.

All the exceptions of the defendants to plaintiff's original and supplemental petitions were overruled by the court, and the case was submitted to the jury upon a charge of the court which directed a verdict for the plaintiff if the jury believed " from a preponderance of evidence that the plaintiff was on the 5th day of March, 1890, a married man and the head of a family, and owned the five sets of furniture described in his supplemental petition, and it was in his house where he was living, and used by his family and intended for the use or occupancy of his family;" and to find for the defendants " if said five sets of furniture were not used or not reserved and intended for the use and occupancy of the family, but were intended and used for hire and rent to lodgers and roomers, and not reserved for plaintiff's family."   The jury was also charged in these words:  " You are instructed that you have nothing to do with the judgment introduced in evidence in case number 654, in so far as it refers to said five sets of furniture claimed by plaintiff, and must disregard it."

The jury returned the following verdict, viz.:   " We, the jury in the above entitled cause, find for plaintiff, John Woods, and find that all furniture and household utensils contained in his homestead, situated on the northwest fifty feet fronting on St. Louis Street of lot number 22 of block 4, in the city of El Paso and State of Texas, is exempt from levy and forced sale under the homestead laws of this State."   After this verdict a judgment was rendered which, after reciting the verdict, described the property referred to therein as " five sets of furniture levied upon by the sheriff of El Paso County on the 10th day of February, 1890, in the case of Caples & Hammer v. John Woods, being cause number 654 on the docket of said court, and which were also levied upon by said sheriff at the same time by virtue of an alias execution issued out of said court on the 5th day of March, 1890, in the case of Richard Caples v. John Woods, being case number 655, and being the same five sets of furniture described in plaintiff's petition, and the same now contained in said homestead of plaintiff and as his household furniture."

After the above exposition of the verdict follows the opinion of the court upon an issue it withheld from the jury and reserved to itself, which is as follows: "And the court being of the opinion from the inspection of the record in cause number 654, above described, that said judgment rendered therein on the 27th day of January, 1890, wherein a landlord's lien

was foreclosed upon the household furniture in the above described homestead of plaintiff, was without authority of law, and void in so far as the five sets of furniture contained in plaintiff's homestead were decreed to be sold to satisfy the landlord's lien," etc.; " the defendants, their agents and attorneys, are perpetually enjoined and restrained from further proceeding under said judgments of the County Court of El Paso County, or any process issued thereunder, so far as they may seek to subject the said five sets of househould furniture." The other two sets of furniture, as no disposition was made of them by the judgment, seem to have been lost sight of during the confusion of the trial. The judgment was also in favor of the plaintiff against Caples & Hammer for costs.

This appeal is prosecuted from the judgment by all the defendants. The errors assigned are too numerous for us to consider them all, and we will give our attention to such of them only as we think another trial in the court below may require a disposition of here.

There was no error in the court's overruling appellants' special exception to appellee's original petition. In our opinion, there was more reason for holding the petitions in Clegg v. Varnell, 18 Texas, 304, and Wills Point National Bank v. Bates, Reed & Cooley, 76 Texas, 333, multifarious than there is in this case. In these cases the court said: " There is not any positive, inflexible rule as to what constitutes multifariousness, which is fatal to a suit on demurrer. The courts have always exercised a sound discretion in determining whether the subject matters of the suit are properly joined or not. The substance of the rule on the subject appears to be, that each case must be governed by its own circumstances, and whether it be multifarious or not must be left in a great measure to the sound discretion of the court. Defendants ought not to be put to inconvenience and expense in litigating matters in which they have no interest, and on the other hand unnecessary litigation and multiplicity of suits ought to be avoided. While defendants are protected, plaintiffs must not be put to the necessity of bringing two suits instead of one."

In this case the same property was levied on by the same officer, and was in his possession at the same time by virtue of two writs from the same court, one of which was issued on a judgment in favor of Richard Caples and L. Hammer, composing the firm of Caples & Hammer, the other issued in favor of Richard Caples; both judgments were against the appellee, and the ground for enjoining the levy under one writ was the same, according to the allegations in the petition, as the ground for enjoining under the other. Richard Caples was a party to both writs, and it was to his advantage to have one suit rather than two against him. Nor can we see how Louis Hammer could be deprived of any defense or suffer any injury by the effort of plaintiff to enjoin the sale under the Caples execution being made in the case where it was sought to enjoin

one under an execution in Caples' and his favor. It was not to the detriment of either of them, and might be to the advantage of both.

The assignments of error complaining of the court's overruling appellants' first, second, and third special exceptions to appellee's supplemental petition are well taken. The appellants having plead a judgment by a court of competent jurisdiction in a cause between the parties involving the same subject matter, foreclosing the lien on the property involved in this suit, and the judgment having been admitted by appellee in his supplemental petition, such adjudication was conclusive of appellants' lien on the property, and the matters alleged could not be shown in avoidance of it. Monks v. McGrady, 71 Texas, 135; Teal v. Terrell, 48 Texas, 491; Freem. on Judg., sec. 249.

While it is averred by appellee that said judgment of foreclosure was obtained by fraud, there is not a single fact or circumstance alleged in support of the averment.

The evidence offered by appellee in support of the matters alleged in his supplemental petition, whereby he sought to avoid the effect of the judgment foreclosing appellants' landlord's lien on the property in controversy, having been promptly excepted to, the court, after failing to sustain the exception to it, should have sustained appellants' motion to exclude such testimony from the jury, and have stricken it from the record.

The judgment of foreclosure in cause number 654, styled Caples & Hammer v. John Wood, was a complete defense to appellee's action in so far as he sought to restrain the sale of the property by virtue of the order of sale issued on said judgment; and it having been properly pleaded, and the plea supported by competent testimony, the issue raised should have been submitted by the court under an appropriate charge to the jury. The action of the court withholding such issue from the jury, and from an "inspection of the record" determining it, is novel and unprecedented. When a case is tried by a jury the issues of fact must be determined by it.

If the property was in fact exempt from execution, the judgment of foreclosure in the case of Caples & Hammer v. John Wood render it liable only to the satisfaction of said judgment, and it was not subject to the execution issued on the judgment in favor of Richard Caples against appellee. Hence it would have been improper for the court to have instructed the jury, as asked by appellants' counsel, to find a verdict for defendants. The charge should have been framed so as to have relieved the property from the levy by virtue of the execution in favor of Caples, if it was exempt from forced sale, and render it liable for sale only in satisfaction of the judgment wherein the lien was foreclosed.

In Muller v. Richardson, 82 Texas, 361, the evidence showed "that the property levied upon consisted of such household and kitchen furni-

ture as was used in the residence of Mrs. Byrne, which consisted of a house having seven or eight rooms, besides a separate room for a servant. The furniture is such as is usually found in such residences.    Mrs. Byrne was a widow, who for the support of herself and child seems to have been compelled to take boarders, who occupied rooms in the house; but such boarders as she received were selected and fed and lodged under specific contracts, and at no time was the house open to the public."

Chief Justice Stayton, passing upon these facts, says:   " The statute now in force exempts from forced sale ' all household and kitchen furniture.'    Rev. Stats., art. 335.    There is no limitation on the exemption, based either on value or necessity of the family for the use of the property to which the exemption applies; and the only inquiry in this case is, was the property levied on, within the meaning of the statute, household and kitchen furniture ?"   He then says:   " It seems to us that personal property held only for purposes of business, such as that of hotel or restaurant keeping, ought not to be held ' household furniture' within the meaning of statutes giving exemptions, although that used by a family in the same building for the use and comfort of the family might be; for in the one case the property is held and used for purpose of business and profit, to secure which this particular exemption is not given; while in the other the exemption is given to secure the necessities, comforts, and conveniences of the family in a home.    The primary purpose in the one case is profit, while in the other it is protection, comfort, and convenience to the family, which ought not to be denied because incidentally support for the family may be secured by the temporary use of the exempt property in the home."    The opinion quoted from was delivered since this cause was tried, and is, so far as we are informed, the latest as well as the highest authority upon the question considered in it.    And we apprehend that the court below will have no difficulty, upon another trial of this case, in formulating a correct charge upon the issue as to whether the property levied on was at the time of the levy household furniture.

For reason of the errors indicated, the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 10, 1894.