## Mrs. S. A. Lane et al. v. Mrs. S. De Bode et al.

Decided June 4, 1902.

**1.—Evidence—Judgment—Parties—Ratification.**

Record of probate proceedings whereby an interest in lands of which the estate was half owner was conveyed as compensation for an agent who located the certificates and secured patents, was admissible against those claiming under the owner of the other half interest, and not parties to the probate proceedings, where the issue of ratification on their part of the contract for location and the conveyance was involved.

**2.—Agency—Notice.**

Notice to an agent is not notice to the principal unless acquired in the transaction of the principal's business, and before their rights had attached.

**3.—Testimony of Deceased Witness.**

The testimony of a witness on a former trial of the case, since deceased, may be shown in evidence, but not what he offered to testify to, but did not because it was excluded.

**4.—Equitable Title—Innocent Purchaser—Notice.**

Parties claiming an equitable title to land under a contract for location have the burden of showing notice of same to the purchaser of the legal title.

**5.—Contract for Location—Payment of Fees.**

A contract for a locative interest in land can not be defeated on the ground that the locator failed to comply with his contract to pay the fees and expenses of location where same had been paid by another than the person seeking to avail himself of such default.

Appeal from Hill. Tried before Hon. W. Poindexter.

*Thomas B. Greenwood, Dave Derden, J. S. Bounds,* and *G. W. Hardy,* for appellants.

*B. D. Tarlton, G. D. Tarlton, A. P. McKinnon, L. A. Carlton,* and *W. C. Morrow,* for appellees.

ALLEN, SPECIAL ASSOCIATE JUSTICE.—This case was originally brought by appellants, Mrs. S. A. Lane and husband W. C. Lane, and by Mrs. I. F. Threadgill, joined by her husband G. G. Threadgill, and pending the controversy Mrs. Threadgill died, and her heirs, the other appellants, were made parties. The suit was a consolidation for trial of four causes of trespass to try title to four several tracts of land, embracing altogether 1426 acres, in which the appellants and others were plaintiffs and the appellees were defendants. The petitions of plaintiffs were in the usual statutory form, while the answers of defendants consisted of pleas of not guilty, of three and five years statute of limitation, of improvements in good faith, and cross-bill. The plaintiffs set up by supplemental petitions coverture in avoidance of defendants' plea of limitation.

The suit as consolidated was tried, resulting in a general verdict for the appellees. Two of the cases now included in this consolidation were before the Court of Civil Appeals of the Fifth Supreme Judicial District. See Halbert v. Carroll (Texas Civ. App.), 25 S. W., Rep., 1102; and Halbert v. De Bode (Texas Civ. App.), 28 S. W., Rep., 58. And the consolidated cause was before the Court of Civil Appeals for the Fourth Supreme Judicial District in Halbert v. De Bode, 40 Southwestern Reporter, 1011; and on those appeals, many of the questions originally arising in the four cases were settled, and render unnecessary a discussion by us at this time of any of such questions, further than to say that in the case of Halbert v. De Bode, 40 Southwestern Reporter, the judgment of the lower court, which was against all the plaintiffs, was affirmed as to Mollie P. Halbert and husband, thus disposing of her interest in the matter.

The tracts of land involved were located and patented under the Robert S. Patton league certificate. This certificate was acquired by John E. Cravens and John G. Gooch by purchase under a regular chain of transfers, and the patents were issued to them as assignees on various

dates from April, 1873, to June, 1877, the surveys having been made in 1869. The interest now in controversy is the one-half interest of a portion of the land that was acquired by John G. Gooch in the lands that were thus patented. John G. Gooch died in 1866 and left a will, which was duly probated, appointing Gideon J. Gooch his independent executor, and the latter duly qualified as such executor.

Gideon J. Gooch, acting as executor, conveyed to Jesse Calhoun his testator's interest in the lands located by virtue of the Patton certificate; and in July, 1877, Jesse Calhoun made a deed conveying his interest in said lands to appellants S. A. Lane and I. F. Threadgill. The land was located by J. T. Ratcliff at different times between the 27th of October, 1867, and July, 1869. These locations were made under a written contract, dated October 24, 1867, made between Ratcliff and George J. Alford, administrator of the estate of John E. Cravens, deceased, said estate at the time owning a one-half interest in the certificate under which the land was located. This contract recited that Alford acted also for the estate of John G. Gooch, under authority from Gideon J. Gooch, independent executor.

By the terms of the contract, Ratcliff undertook to locate the R. S. Patton certificate on the best vacant lands he could find in Hill and McLennan counties, and to pay all expense of locating and obtaining patents, and was to receive for his services one-third of the land thus patented. This contract was reported by the administrator to the probate court, where the administration proceedings were pending, and was approved by that court on December 1, 1876; and on the 6th day of August, 1878, the administrator, Alford, in pursuance of an order of said court made when the contract was approved, executed a deed to Ratcliff conveying him the lands in controversy in this suit. The appellees claim this land through a regular chain of transfers from Ratcliff.

On August 8, 1877, S. A. Lane and I. F. Threadgill, joined by their husbands, conveyed to Thomas B. Greenwood and John Young Gooch one-half of their interest in the R. S. Patton land in Hill County. On April 7, 1880, the said Mrs. S. A. Lane and Mrs. I. F. Threadgill, joined by their husbands as plaintiffs, filed their suit in the District Court of Anderson County to partition the R. S. Patton lands in Hill County, Texas, making Thomas B. Greenwood and John Young Gooch and Mollie P. Fortson, now Mollie P. Halbert, defendants. In their petition they did not include as subject to partition that part of the land which had been deeded by Geo. F. Alford, as administrator, to Ratcliff and involved in this controversy; but described the land belonging to them and defendants by field notes and a plat, which refer to the lands theretofore set apart to Ratcliff. All the lands except those which had been deeded to Ratcliff are partitioned among the plaintiffs and defendants in the suits, and in the decree of partition the land is described by field notes, referring to the lands which had been set aside to Ratcliff

W. C. Lane, who acted for his wife and Mrs. Threadgill in making the purchase of the land in controversy, testified that he knew nothing of the contract with Ratcliff, or of the deed by Alford, Cravens' administrator, to said Ratcliff at the time the land was purchased from Jesse Calhoun; that he never knew Ratcliff claimed any part of the Patton lands until about two years subsequent to the conveyance to Mrs. Lane and Mrs. Threadgill, and that neither his wife nor Mrs. Threadgill had any knowledge of the Ratcliff locative claim, or of the facts upon which it was based, until just before the suit was brought. He also testified that Mrs. Lane and Mrs. Threadgill were the heirs to a half interest in the estate of Joe T. Calhoun, and that Jesse Calhoun was heir to the other half. That Jesse was the administrator of said estate, and as such administrator had collected and used large sums of money belonging thereto. That he, Lane, acted as agent for his wife and Mrs. Threadgill in the partition and settlement of the estate of Joe T. Calhoun, and in procuring the conveyance to the Patton lands from Jesse Calhoun. That the real consideration for the conveyance and partition of the Patton lands to his wife and Mrs. Threadgill was their interest in about 9000 acres of land and about $2900 in notes and accounts and $2000 in money.

The above is an outline of the principal facts necessary to a discussion of the questions raised by appellants in their assignments of errors; but we will notice, in connection with the respective assignments of error, the evidence under each particular assignment, in so far as it may be necessary to a proper understanding of the matter.

Appellants' first three assignments of error raise the same questions, practically, and challenge the admission of certain testimony. The testimony complained of as admitted over their objections was the petition and application of Geo. F. Alford, administrator of the estate of John E. Cravens, to make a deed to J. T. Ratcliff to 1476 acres of the R. S. Patton land, including the land sued for, and the decree based upon said application, authorizing him to make such contract, and directing him, when the land was located, to make a deed to said Ratcliff; and the deed made by Alford, as such administrator, in accordance with his application and said decree, to said Ratcliff, conveying the 1476 acres,—all reciting that Ratcliff was entitled to 1476 acres for his services in locating and patenting the land. For a full statement of this testimony we refer to the report of this case when it was on appeal before, as reported in 40 Southwestern Reporter, 1011.

The appellants objected to the admission of this testimony on the ground that they were strangers to the record,—were not claiming title through the Cravens estate, but were claiming through the Gooch estate; and therefore the record of the proceedings to which they were not parties was not binding upon them.

It is sufficient for us to say in response to these assignments of error that we think the testimony complained of was properly admitted, for two reasons: In the first place, they constituted links in the chain of

· appellees' title; and in the second place, they were admissible, in connection with other testimony, on the question of acquiescence and ratification, when controlled by the charge of the court, as was done. It was claimed that Gideon J. Gooch, as independent executor of John G. Gooch, authorized and ratified the locative contract made by Alford, as administrator of the estate of John E. Cravens, with Ratcliff; and that Jesse Calhoun, at the time of his purchase of the Gooch interests in the land, knew of these facts; and that he also acquiesced in and ratified the contract; that Mrs. Lane and Mrs. Threadgill, at the time they acquired the land, had notice of the contract and deed and this ratification by Gooch and Calhoun, and that they acquiesced in the same, and were therefore bound by it. The court in his instructions to the jury told them they could not consider any of the statements or recitals contained in the records admitted as evidence of the truth of any such statements or recitals as against appellants, unless they believed from other evidence before them that I. F. Threadgill and S. A. Lane, with full knowledge of the locative contract with and sale to Ratcliff, acquiesced in and ratified the same. As stated before, thus controlled by the charge of the court, the appellees were entitled to have the evidence complained of go to the jury. Halbert v. De Bode, 40 S. W. Rep., 1018; Halbert v. De Bode, 28 S. W. Rep., 58.

We think appellants' fourth assignment of error is well taken, and have decided that it is our duty to reverse and remand the case on account of the admission of the testimony and the charge of the court, in connection with this testimony. Geo. F. Alford, as administrator of the estate of John E. Cravens, in his thirteenth annual report as such administrator filed in the probate court of Anderson County, recites that a locative interest of one-third is due J. T. Ratcliff out of the Patton lands, owned jointly by the estates of Cravens and Gooch. The fifteenth annual report shows only 1476 acres of the Patton land as belonging to the estate of Cravens. The sixteenth annual report, final report, and supplement to final report, show an undivided half interest in certain Patton lands, excluding the lands in controversy in this suit, as belonging to John E. Cravens' estate, and was partitioned between Mrs. Mollie P. Fortson, represented by her attorneys Greenwood and Gooch, and Earle E. Cravens, represented by her guardian ad litem, Gideon J. Gooch; and in said partition Mrs. Mollie P. Fortson, by her attorneys who represented her therein, ratified all the acts of Alford as administrator, including sales of land belonging to said estate, though there was no specific ratification of any act relative to the Patton lands.

These reports were admitted over objections of appellants; the court admitting them for the express purpose of showing, if they did show, that Greenwood and Gooch, as agents for Mrs. Lane and Mrs. Threadgill, acquired knowledge of the claim of Ratcliff to the locative contract in this partition proceeding. The appellants contend that the knowledge thus acquired, if any, by Greenwood and Gooch, was not imputable to them, because they were not parties to this proceeding, and any

knowledge acquired therein by Greenwood and Gooch, even though they were the agents of the appellants, would not be binding upon them. In other words, that notice to an agent is not notice to his principal, unless such notice be acquired in the transaction of the principal's business.

In this contention we think the appellants are correct. Allen v. Garrison, 92 Texas, 547, and cases there cited. In addition to this, the court emphasized the error by instructing the jury that the testimony was admitted as bearing upon the question of knowledge acquired by Greenwood and Gooch as agents for Mrs. Lane and Mrs. Threadgill. And, again, the deed from Jesse Calhoun to Mrs. Lane and Mrs. Threadgill was dated July 31, 1877, and the fifteenth and subsequent reports of Alford were not filed until 1878 and 1879; and any knowledge acquired by Greenwood and Gooch, as agents for them, after the deed was made to them and after their rights had attached, was not imputable to Mrs. Lane and Mrs. Threadgill. The issue of ratification or acquiescence was the main issue in this case, was sharply drawn, and the evidence conflicting upon such issue and the verdict of the jury being a general one, we can not tell to what extent they were influenced by this testimony, when emphasized by the charge of the court.

We do not think there is any merit in appellant's fifth assignment of error, which goes to the excluding of testimony which appellants introduced for the purpose of showing that Thomas B. Greenwood, who was dead, and who represented the appellants as one of their attorneys on the former trial of the case, offered to testify at that trial to certain facts in regard to notice of the locative contract with Ratcliff. We do not see upon what theory of the law this testimony was admissible, but suppose the appellants offered it upon the proposition that it was testimony that had been given in a former trial, and could therefore be reproduced at this trial. If that was the theory, the theory is correct; but in this instance the testimony had never been given, and it was not contended by appellants that it had ever been given; and therefore it could not be reproduced any more than ordinary statements or hearsay testimony. Of course, testimony of a deceased witness, after he has once testified to facts in a former trial of a case, may be reproduced at a subsequent trial; but we know of no rule of law or authority that authorizes the reproduction of something that the parties expected to prove by a deceased witness at a former trial.

We think appellants' special charge number 9, as set out in their fourteenth assignment of error, should have been given by the court. The charge was in effect that on the issue of innocent purchaser, for value, without notice, the burden of proof was upon the appellees to show notice to the appellants of the Ratcliff locative contract and claim thereunder. Under the facts of this case it will be observed that Ratcliff's title, which appellees claim, to the interest of John G. Gooch's estate in the land, was purely equitable, of which there was no record notice. Therefore it devolved upon the appellees claiming this equitable

title to show by a preponderance of the testimony the notice of the locative contract necessary to protect them.

Appellants' seventeenth assignment of error questions the refusal of the court to give special charge number 12 asked by them, which was to the effect that if the jury found that Alford entered into a contract with Ratcliff for the location of the Patton league certificate under authority from the executor of the estate of John G. Gooch, by the terms of which Ratcliff was to locate the certificate and have a league of land patented to Cravens and Gooch, Ratcliff paying all expenses of every kind, including surveyors fees, locating, Land Office patent fees, government dues and all other fees and expenses, and for his compensation and services was to receive a deed to one-third of the land patented, the Cravens and Gooch estates to receive the remaining two-thirds of the land; and that Gideon J. Gooch, executor, and Jesse Calhoun ratified and confirmed said contract, but further found that Ratcliff failed to comply with his contract, then to find for the appellants.

Under the facts of this case we do not think the court erred in refusing to give this charge. Although there was a conflict of testimony as to whether or not Alford, out of his individual assets, paid all these fees and expenses that he had agreed to pay, and there being strong testimony showing that he did not comply with the terms of that contract, yet the testimony shows, without any contradiction, that whatever fees or expenses he failed to pay were advanced by the Cravens estate and parties other than Gooch or anyone claiming under him. Therefore appellants are not in a position to complain of Ratcliff's not carrying out his contract, because he did carry it out, in so far as the Gooch estate is concerned, and no money was advanced by that estate or anyone claiming through that estate.

We have carefully considered the remaining questions raised by appellants in their brief and find no error committed by the trial court in any of them. But for the reasons above given, the judgment is reversed and the cause remanded

*Reversed and remanded.*

Associate Justice Key, being disqualified, did not sit in this case. Hon. G. W. Allen, of Travis County, was commissioned by the Governor, and sat as special associate justice in his stead.