Griff Merrill v. Southwestern Telegraph and Telephone Co.

Decided March 14, 1903.

**1.—Telephone Message—Notice of Object of Call—Evidence.**

Where the issue was whether the defendant telephone company knew that the object of a call for plaintiff, put in by his brother at another point, was to inform him of the death of his mother, it was inadmissible for the brother to testify that he heard the central office relating the fact of her death, where it appeared that he was at the time talking over the phone to other parties, and did not know in fact that the conversation he overheard was in the central office.

**2.—Same—Principal and Agent—Notice—Knowledge of Agent.**

Knowledge of the agent charges the principal with the consequences of notice only where it is acquired in the transaction of the principal's business.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

*R. M. Rowland,* for appellant.

*McLaurin & Wozencraft,* for appellee.

RAINEY, Associate Justice.—Appellant sued the appellee to recover damages for mental anguish suffered on account of absence from his mother's funeral, alleged to have been caused by the negligence of appellee in failing to notify him at Cisco, Texas, of a call put in for him at Ladonia, Texas, for the purpose of notifying him of his mother's death. Verdict and judgment resulted for appellee, from which this appeal is prosecuted.

The facts are that on the night of February 4, 1901, the mother of appellant died in Ladonia, Texas. One of her children, Bob Merrill, requested G. A. Marvin to call up appellant at Cisco, Texas, and notify him of his mother's death. Marvin put in a call at the Ladonia office. A short time thereafter the Ladonia office reported to Marvin that appellant was out of town (Cisco). Marvin then put in a call for appellant's wife, and in a few minutes was notified that the Cisco office had closed for the night. There was telegraph communication between Ladonia and Cisco, but no telegram was sent. Had plaintiff been notified that night, he could have reached Ladonia in time for the burial. Appellant and wife left Cisco for Ladonia, via Dallas, about 2:16 a. m. February 5, 1901, reaching Dallas between 8 and 9 o'clock that morning. They could have caught a train out for Ladonia in time for the funeral, but not having heard of his mother's death, he took time to look after his baggage and was delayed until after the train left. The office at Ladonia was not informed of the object of the calls put in for appellant and wife.

The first assignment of error relates to the exclusion of a part of the testimony of G. A. Marvin, given by deposition, which appellant offered in evidence. The interrogatory propounded was: "If you know, please

state whether or not the persons in charge of the Ladonia telephone office on the night of February 4, 1901, or any of such persons, knew at the time you put in said call that Mrs. Sarah E. Merrill had died that night. If you know, you will also state whether said persons, or any of them, knew the plaintiff, Griff Merrill, and knew the relationship between him and the said Mrs. Merrill." The part of the answer excluded was, "They knew of her death, because I reached the Merrill brothers through their office, and heard central office relating the fact of Mrs. Merrill's death." A bill of exception was reserved to which the court appended the following explanation, viz: "That defendant's counsel further objected that the answer, when taken with the whole of the witness' deposition, showed that the witness did not know that the said conversation by him overheard was in fact in the central office of the defendant; that he did not in fact know who was doing the talking he heard; the witness did not of his own knowledge know whether it was one of the defendant's servants relating the fact of the death, or a stranger to defendant; that he did not know whether any one representing defendant was present at the place where the talking was, or heard the same." This explanation of the court is supported by the testimony of Marvin, as shown by the statement of facts. We are of the opinion that the evidence was properly excluded. It was not shown that Marvin or anyone connected with putting in the call notified the employes of the office of the object of the call, or that they came in possession of the object of the call in the transaction of that matter. At the time Marvin states that he heard the conversation, he was talking over the phone with Merrill Brothers, and not with anyone in the central office. Nor does he state any fact that authorizes the presumption that the employes in the office were doing the talking in connection with the call so as to bind appellant. Had Marvin been in direct communication with the central office, that is, had he called up the central office and held a conversation with some one in answer to that call, then he could testify as to what that party said relative to the transaction, notwithstanding he did not know who it was with whom he was talking. Railway Co. v. Heidenheimer, 82 Texas, 195, 17 S. W. Rep., 608; Wolfe v. Railway Co., 3 L. R. A., 539. But the nature of the circumstances surrounding the evidence here sought to be introduced renders it inadmissible. To admit in evidence telephone communications under such circumstances would be too uncertain for the basis of a reasonable conclusion. Had the evidence been admitted, it was of so little probative force as to preclude a finding that appellee had notice of the object of the call.

The following paragraph of the court's charge is assigned as error, viz: "I further instruct you that any testimony as to the knowledge of the fact (if it was a fact) that the employes of defendant knew of the death of Mrs. Merrill, and that the purpose of the call to get Griff Merrill at Cisco in communication with Marvin—in order to notify plaintiff of his mother's death—must have come to the knowledge of the said employes through some transaction or act while they were

transacting the business of the defendant in connection with the call put in." There was no evidence that, at or during the time the parties were communicating with the central office about the call for appellee and wife, the central office was informed by them of Mrs. Merrill's death, which was the object of the call. The only evidence as to the knowledge of the operators in the central office of Mrs. Merrill's death and the relation between her and appellant is shown by the testimony of one Lon Allen. He lived in Ladonia, and was a printer. He was learning the board—wanted to secure a position. He had been promised one by the manager, and was in the office by agreement with him. Miss Fannie Kean was the night operator who received the call in question. Allen came in on the board just as she was receiving the call. Just before he went up into the office he heard on the street that Mrs. Merrill was dead. Nothing was said about it in the office. He knew that appellee was the son of Mrs. Merrill. He was in the office learning the long distance business.

The proposition advanced by appellant in this connection is, in effect, that the principal is bound by the knowledge of the agent acquired in connection with the transaction, "or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retains it." The principle thus stated is supported by some other jurisdictions, but it is stated broader than the rule laid down by our Supreme Court in Texas Loan Agency v. Taylor, 88 Texas, 49, and Kauffman v. Runge, 60 Texas, 308. In the first case cited, Chief Justice Gaines, in speaking of the doctrine of knowledge of the agent being imputed to the principal, says: "This principle only applies where the agent acquires his knowledge in the transaction of his principal's business, and we therefore think that the doctrine of imputed notice should be limited to cases of that character." The charge was in strict accord with these authorities, and was applicable to the facts, hence not erroneous.

There are other assignments which we have duly considered, but deem unnecessary to discuss, because the evidence fails to disclose any liability of appellee to appellant for mental anguish, there being no evidence showing notice to appellee's employes of the object of the call for appellant.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.