## WHITAKER v. SANDERS & SAMUELS.
### (No. 598.)

(Court of Civil Appeals of Texas. Beaumont. June 17, 1920.)

**Chattel mortgages ⬤67—Mortgage to third person not destroyed by other mortgage and transfer to mortgagor's creditors.**

Where a chattel mortgagee never knew of or assented to any mortgage being taken in his name for the protection of a firm until between 8 and 10 months after payment of the mortgagor's note to him, and until long after the rights of a third person under mortgage to himself had accrued, and transfer by the mortgagee to the firm of whatever right he had under the mortgage was subsequent to the mortgage in favor of the third person, the mortgage to such third person was not affected or destroyed.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Suit by Sanders & Samuels against Texana Whitaker and others. From judgment for plaintiffs, the named defendant appeals. Judgment in so far as against the named defendant reversed, and judgment rendered for her; otherwise affirmed.

Hodges & Grene, of Nacogdoches, for appellant.

E. B. Lewis, of Nacogdoches, for appellees.

HIGHTOWER, C. J. The appellant, Texana Whitaker, prosecutes this appeal from a judgment of the county court of Nacogdoches county, which was in favor of the appellees, Sanders & Samuels, against appellant, for the sum of $230. The appellees were the plaintiffs below, and they also had judgment in their favor against appellant's codefendants, J. L. Grayson and Ed Whitaker; the amount of the judgment against Grayson being $483.68, with interest thereon from date of entry, at the rate of 10 per cent. per annum, and the amount of the judgment against Ed Whitaker was $234.50, with interest thereon from date of rendition at the rate of 6 per cent. per annum. Neither Grayson nor Ed Whitaker prosecuted any appeal from the judgment against them.

This suit as to all the present parties, with the exception of appellant, Texana Whitaker, was originally filed by the appellees, June 25, 1897, and a judgment was recovered by the appellees against all the then defendants, at the December term, 1898, and from that judgment the then defendants, with the exception of Grayson, prosecuted an appeal to the Court of Civil Appeals for the First Supreme Judicial District, at Galveston, and that court reversed the judgment of the trial court and remanded the cause. See Whitaker et al. v. Sanders et al., 52 S. W. 638. After the cause had been remanded, and more than two years thereafter, the plaintiffs, Sanders & Samuels, amended their petition in several material respects, the details of which we deem it unnecessary here to mention, in view of the disposition we shall make of this appeal, nor do we deem it necessary to here make a statement of the nature or character of this suit, because the Galveston court, on the former appeal in the opinion above referred to, made a very full statement of the nature of the suit, as made by the pleadings of the parties, and we deem it entirely unnecessary to repeat it here, but refer to the statement as made on the former appeal by the Galveston court.

It was clearly and unequivocally decided by the Galveston court on the former appeal that the right of the plaintiffs, Sanders & Samuels, to recover anything as against any of the defendants other than Grayson depended on whether the chattel mortgage lien asserted by said plaintiffs, Sanders & Samuels, was a valid mortgage lien, and was superior to the rights of the defendant, Ed Whitaker, as he had pleaded them in his answer. The substance of Ed Whitaker's answer on that appeal (and it is the same here) was that D. E. Clifton never knew that any mortgage had been executed by Grayson in which he (Clifton) was made the mortgagee, and that if any such mortgage was executed by Grayson the same was without Clifton's consent, and that he never accepted any such mortgage, at the time of its execution, if any such mortgage was in fact executed, and if same was ever assented to or accepted by Clifton, for any purpose, and was ever transferred to the plaintiffs, Sanders & Samuels, that such knowledge of such mortgage on Clifton's part, and his consent thereto or acceptance thereof, and his transfer of same to said plaintiffs, Sanders & Samuels, was after Ed Whitaker had acquired a valid chattel mortgage on the same property as to which plaintiffs were asserting such mortgage lien, and that therefore such mortgage lien in favor of Ed Whitaker was superior to any lien created, or attempted to be created, in favor of plaintiffs on said property.

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

These facts, which we have stated only substantially, were fully alleged in Ed Whitaker's answer on the first appeal (as well as here), but the trial court on that trial sustained an exception directed against such answer by the plaintiffs, Sanders & Samuels, and declined to permit Ed Whitaker on that trial to make proof of the facts so alleged in his answer. Because of that action on the part of the trial court, the Galveston court, as will be seen from the opinion above referred to, reversed and remanded the cause, and in the opinion made it clear that, if it was true that Clifton had no knowledge of the mortgage, which had been executed by Grayson in his favor, and that Clifton did not learn thereof and assent thereto prior to the time that the mortgage in favor of Ed Whitaker by Grayson was executed, the plaintiffs, Sanders & Samuels, did not have a mortgage lien on the property in controversy superior to the lien asserted by Ed Whitaker as shown by his answer.

Upon the trial below from which this appeal comes, it appears from the undisputed testimony, as we read it in the record, that Grayson had executed a mortgage in which Clifton was named as the mortgagee to secure the payment of the note which had been executed by Grayson in Clifton's favor, and which was indorsed by Sanders & Samuels, but Clifton never knew that there was any such mortgage in existence until some 8 or 10 months after Sanders & Samuels had paid to Clifton the Grayson note. The evidence shows without dispute that Sanders & Samuels paid to Clifton the Grayson note upon which they were sureties, on the 1st day of February, 1896, but at the date of the payment the evidence without dispute shows that Clifton had no knowledge whatever of the existence of any mortgage in his favor, or purporting to be in his favor, for the benefit of any body else. The evidence further shows without dispute that on May 28, 1896, J. L. Grayson executed and delivered to Ed Whitaker a chattel mortgage on the personal property in question for the purpose of securing Ed Whitaker against any loss as surety on a note of $150 executed by Grayson in favor of J. N. Thomas. At the time of the execution of this mortgage by Grayson in favor of Ed Whitaker, D. E. Clifton did not know and had never assented—did not know of the execution of the mortgage by Grayson, in which he (Clifton) was named as mortgagee, and had not assented to, nor had he in any manner authorized any one else to assent thereto, or accept the same in his name. The positive and uncontradicted testimony of D. E. Clifton on this point makes it clear that he never knew of or assented to any mortgage being taken in his name for the protection of Sanders & Samuels until between 8 and 10 months after the payment of the Grayson note to him, and until long after the rights of Ed Whitaker under the mortgage to him had accrued; and, while the evidence shows that Clifton did afterwards learn of the execution of the mortgage by Grayson, in his favor or rather in his name, and did, at the request of Sanders & Samuels, transfer whatever right he had under such mortgage to them, still such knowledge and transfer on his part, being subsequent to the mortgage in favor of Ed Whitaker, could not destroy or to any extent affect a valid mortgage theretofore acquired by Ed Whitaker. This was plainly announced to be the law by the Galveston court on the former appeal, and that holding was unquestionably sound. We hold, therefore, that Ed Whitaker acquired a lien superior, on the mules and wagon covered by both mortgages, to any asserted lien by the appellees in this case, Sanders & Samuels.

Mrs. Texana Whitaker, the only appellant here, is the surviving widow of R. D. Whitaker, who was originally a defendant in this cause, but who died on March 22, 1912, and the appellees here, by an amended petition filed June 25, 1915, brought appellant in as a defendant, seeking to recover against her upon the theory that she, upon the death of her said husband, inherited all his estate and took possession, whch estate exceeded in value the property upon which appellees asserted a mortgage, all of which will more fully appear from the statement of the cause as made by the Galveston court, and which we have above referred to.

Now since appellees could only recover against appellant, Texana Whitaker, upon the ground that they had a superior mortgage to that claimed by Ed Whitaker, which we have shown they did not have, it follows that the judgment against appellants was erroneous, and such judgment of the trial court will be reversed, and judgment rendered by this court to the effect that appellees recover nothing against appellant; but, as to all the other defendants not appealing, the trial court's judgment will be affirmed. And it is so ordered.