## HOBART MFG. CO. v. JOYCE et al.
### (No. 642.)

Court of Civil Appeals of Texas. Eastland.
Dec. 6, 1929.

Rehearing Denied Jan. 3, 1930.

956

McFarlane & McFarlane, of Graham, for appellant.

W. L. Scott, of Graham, for appellees.

HICKMAN, C. J. This suit is based upon a judgment in a prior suit between the same parties. See Hobart Manufacturing Co. v. Joyce & Mitchell (Tex. Civ. App.) 4 S.W.(2d) 185. As disclosed by the opinion in the former case, and by the record in this case, the appellant obtained a personal judgment against one Groves, with a foreclosure as against him and appellees of a mortgage lien on a piece of machinery known as a "cake mixer." The appellees were parties defendant in the original suit, but no personal judgment for conversion was rendered against them therein. That judgment did contain the following recital or decree: "And it further appearing that said property is in the possession or under the control of the said Joyce and Mitchell, and that they have answered herein for the forthcoming of same, the said Joyce and Mitchell are hereby ordered to turn the property over to the officer pursuant to this order, failing therein they are to pay the amount of this judgment. * * * "

The instant suit is predicated upon the theory that the appellees failed and refused to turn said property over to the officer who had in his hands an order of sale, and that by their refusal they became personally liable as for conversion of the property. At the conclusion of the testimony the trial court peremptorily instructed the jury to return a verdict for appellees and the appeal is from the judgment rendered in accordance with the verdict of the jury returned in obedience to the peremptory instruction.

The original judgment is res adjudicata of all issues of personal liability for conversion at the time of the rendition thereof. If appellees have incurred any personal liability to appellant, it must be on account of some act committed by them since the rendition of that judgment. The act relied upon by appellant to establish such liability is the alleged refusal of appellees to turn over the property to the officer so that same might be sold under the order of sale delivered to the officer. It was the opinion of the trial court that the evidence was insufficient to present an issue of fact on this question. We are not prepared to say that the trial court

erred in thus construing the effect of the testimony. The facts disclose that, prior to the rendition of the original judgment, the appellees had sold a bakery, including the piece of machinery in question, to one J. C. Fowler, who has continuously since that time, and until the trial of this case, had possession thereof, using the same in the operation of a bakery in the town of Olney. It may be (although we do not so decide) that the evidence was sufficient to raise the issue that Fowler refused voluntarily to surrender the property to the constable, but we do not find evidence in the record raising the issue that appellees so refused. On the contrary, the testimony reveals that, prior to the filing of the instant suit, the attorney for appellees expressed to the attorneys for the appellant a willingness for them to have an officer take possession of this property, and the appellees, upon the trial, tendered same. The property has not been removed and has been at all times subject to seizure by the officer under the order of sale, and the officer's failure to take possession thereof, merely because Fowler was unwilling for him to do so unless he (Fowler) would be saved harmless, cannot be made the basis of a judgment against appellees. It appears now that had all of the evidence been presented in the former suit, appellant would probably have been entitled to a personal judgment against appellees for conversion; but, as before noted, their right to such relief has been foreclosed by that judgment. The evidence failing to raise an issue on conversion based upon acts committed since that time, we think the peremptory instruction was justified.

Complaint is made by appellant of the action of the trial court in excluding from the record an instrument signed by J. C. Fowler, wherein Fowler stated that he refused to deliver the cake mixer to the officer. This evidence was offered by appellant to impeach its own witness. It would not be admissible evidence under any other theory, and, within itself, tended to prove nothing. As it was made by a person not a party to this suit, it was, as to the appellees, hearsay. We do not think the court erred in excluding this instrument for the purposes of impeachment. The general rule is that a party cannot impeach a witness called by him by showing that he has theretofore made a statement contradicting statements made as a witness. There are exceptions to this general rule, but the facts of this case do not bring it within any exception. We considered this question and cited a number of authorities thereon in the case of Barton v. Lary, 295 S. W. 947. But, had the instrument been admitted, it would not have constituted any evidence. Had appellant been able successfully to impeach its witness, such impeachment would not have supplied any evidence of probative force establishing its case. No preju-

dicial error resulted from this ruling of the trial court.

█ Complaint is also made of the action of the trial court in excluding the officer's returns on the orders of sale issues under the original judgment. · The returns consisted of ex parte statements by the officer as to facts showing his excuse for not obeying the command contained in the orders of sale. They were insufficient to justify the officer in failing to execute the writs, and, if admitted, would have been hearsay. No prejudicial error resulted from the rulings of the court in this regard.

The judgment of the trial court will be affirmed.