## AUTO REFINANCE CORPORATION v. BIGGS.

### No. 4049.

Court of Civil Appeals of Texas. Amarillo.

June 28, 1933.

Castle & Gammage, of Houston, for appellant.

Reynolds & Heare, of Shamrock, for appellee.

HALL, Chief Justice.

The appellee, Biggs, purchased an automobile, and as part payment therefor executed and delivered to the Lone Star Finance Corporation his note for the sum of $231, payable in eleven monthly installments, the first installment maturing April 1, 1932. At the same time he executed a chattel mortgage which contains a provision that, in default made in any payment due, the mortgagee should have the right to declare the entire indebtedness due and payable and to proceed with the collection of the debt, and further authorized the mortgagee to take the automobile by process of law or otherwise and sell the same, either at public or private sale.

On June 24, 1932, the appellant filed suit in the county court of Harris county to recover the amount due, alleging the failure of Biggs to pay the third installment provided for in the note, which was due the 1st day of June, 1932, in the sum of $20; that by reason of such failure and default the appellant had declared the entire note due, aggregating $191, for which amount it prayed judgment, plus interest, costs, and for foreclosure of the mortgage lien and 15 per cent. attorneys' fees. A writ of sequestration was issued and sent to the sheriff of Wheeler county, who took the car into possession.

Biggs filed no answer in the Harris county court, and on October 17, 1932, judgment was rendered against him by default for the amount prayed for and the foreclosure of the chattel mortgage lien upon the car.

On July 5, 1932, Biggs filed this suit in the county court of Wheeler county, setting out the facts relative to the execution of the note and the mortgage, alleging that he had made three payments, and, notwithstanding that fact, the constable of Wheeler county, by writ of sequestration issued out of the Harris county court, had wrongfully, forcibly, and negligently taken the automobile from his possession, and was authorized and directed to do so by the appellant herein. He prays for actual damages in the sum of $500 and exemplary damages in the further sum of $450.

The appellant answered, pleading in bar of appellee's action the judgment rendered in the Harris county court on October 17, 1932.

The case was tried to the court without a jury, who rendered judgment for Biggs in the sum of $400, found to be the market value of the car, and for $200 exemplary damages.

The appellee has entered a remittitur of the $200 item in this court.

The only question to be decided is whether the Harris county judgment is res judicata of the appellee's right to recover damages in this case for the issuance and levy of the writ of sequestration.

█ A judgment is an adjudication upon all the matters of law and fact which are essential to support it. State v. Ortiz, 99 Tex. 475, 90 S. W. 1084; Id. (Tex. Civ. App.) 86 S. W. 45; Shook v. Shook (Tex. Civ. App.) 145 S. W. 699; Hammer v. Woods, 6 Tex. Civ. App. 179, 24 S. W. 942.

Before the judge could have properly rendered a judgment in the Harris county suit for the amount sued for, he must necessarily have found that the third installment had not been paid; that under the express terms of the mortgage the appellant had declared the remainder of the indebtedness due by reason of appellee's default in making the third payment; and further that the writ of sequestration was lawfully issued and executed.

In Brown v. Hart, 43 S.W.(2d) 274, Justice Jackson of this court held that a judgment foreclosing liens was res judicata of the amount of indebtedness and payments theretofore made, citing numerous authorities in support of the rule announced.

█ Under all the authorities bearing upon the question, we think it is clear that the judgment rendered in the Harris county court is res judicata of the questions of

the amount due and the legality or illegality of the sequestration proceedings. Hobart Manufacturing Co. v. Joyce (Tex. Civ. App.) 22 S.W.(2d) 955; Higgins v. South Texas Development Co. (Tex. Civ. App.) 21 S.W.(2d) 540; Howe v. Central State Bank (Tex. Civ. App.) 13 S.W.(2d) 437, 438.

In the last case cited, Judge Blair says: "The law is well settled that, where the owner has been awarded title and possession of lands as against defendants to the suit, such judgment is conclusive and res adjudicata to the right of such defendants to recover damages from the owner for taking possession under sequestration proceedings. The following authorities sustain the action of the trial court." Citing Flippen v. Dixon, 83 Tex. 421, 18 S. W. 803, 29 Am. St. Rep. 653; Herman v. Allen, 103 Tex. 382, 128 S. W. 115; Nichols v. Dibrell, 61 Tex. 539; Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Howe v. Central State Bank (Tex. Civ. App.) 297 S. W. 692.

If an adjudication that the plaintiff in an action to recover title and possession of land is entitled to a judgment, and that such judgment is res judicata of the defendant's right to recover damages by reason of the sequestration proceedings, then we can conceive of no reason why the same rule should not apply to actions relating to personal property.

For the reasons stated, the judgment is reversed, and is here rendered that the appellee, Biggs, take nothing, and that the appellant recover its costs.

Reversed and rendered.