ACCEPTED
03-15-00019-CV
5459336
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/28/2015 4:23:15 PM
JEFFREY D. KYLE
CLERK

NO: 03-15-00019-CV

_____

IN THE THIRD COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/1/2015 4:18:15 PM
JEFFREY D. KYLE
~~Clerk~~

AT AUSTIN, TEXAS

_____

JEFF KAISER, P.C. and
JEFFERY BENEDICT KAISER

*Appellants*

v.

THE STATE OF TEXAS

*Appellee*

_____

On Appeal from the 98th Judicial District Court
of Travis County, Texas, the Honorable John Wisser Presiding
Trial Court Cause No. D-1-GV-13-000790

_____

# APPELLANTS' BRIEF ON THE MERITS

_____

George F. May
State Bar No. 24037050
TWOMEY | MAY, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 Telephone
(832) 201-8485 Facsimile
george@twomeymay.com

Attorney for Appellants, Jeff Kaiser, P.C. and
Jeffery Benedict Kaiser

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

APPELLANTS AND COUNSEL:    Jeff Kaiser, P.C. and Jeffery Benedict Kaiser

*Appellate Counsel – Attorney in Charge:*

George F. May
State Bar No. 24037050
TWOMEY | MAY, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000
(832) 201-8485 – Facsimile
george@twomeymay.com

*Appellate Co-Counsel and Trial Co-Counsel:*

Jeffery B.  Kaiser
State Bar No. 11079300
Enterprise Bank Building
2211 Norfolk, Suite 528
Houston, Texas 77098
(713) 571-8000
(713) 571-8002 - Facsimile
Email: jkaiser@kaiser-law.com

*Trial counsel:*

Harold "Hap" May
State Bar No. 13264800
Attorney at Law
Two Riverway, 15th Floor
Houston, Texas 77056
(281) 407-5609 office
(832) 201-7675 Facsimile
HapMay@outlook.com

APPELLEE AND COUNSEL:        The State of Texas

                            *Appellate Counsel:*

                            Sean O'Neill
                            Assistant Attorney General
                            Bankruptcy & Collections Division
                            P.O. Box 12548, MC 008
                            Austin, Texas  78711-2548
                            (512) 475-4255
                            (512) 936-1409 – Facsimile
                            Sean.Oneill@texasattorneygeneral.gov

                            *Trial counsel:*

                            John C. Adams
                            State Bar No.
                            Office of the Attorney General
                            300 W. 15th Street, Floor 8
                            Austin, Texas 78701
                            (512) 463-2173
                            (514) 482-8341 - Facsimile
                            John.adams@texasattorneygeneral.gov

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ........................................................4

INDEX OF AUTHORITIES ...........................................................................6

STATEMENT OF THE CASE ........................................................................9

ISSUES PRESENTED ..................................................................................13

ISSUE 1: *Is the State's claim barred by the statute of limitations?*

ISSUE 2: *Did the trial court err in finding the Comptroller's certification afforded the State the presumption when the State itself introduced evidence contradicting the certificate's presumed correctness and in concluding that there was no fact issue to be decided because the presumption was unrebutted?*

ISSUE 3: *Did the trial court err in awarding attorney's fees because the State failed to carry its evidentiary burden to establish the right to attorney's fees or the amount of reasonable and necessary attorney's fees?*

STATEMENT OF FACTS ..............................................................................15

SUMMARY OF ARGUMENT........................................................................17

ARGUMENT ..............................................................................................20

I.      Burden of Proof and Standard of Review.................................................20

II.     The statute of limitations bars the State's claims ....................................21

III.    The State's own evidence contradicted the Comptroller's certification the presumption was lost or, at the very least, a question of fact was raised requiring the trial court to weigh the evidence..............................34

4

IV.   The trial court erred in awarding attorney's fees ........................................38

CONCLUSION & PRAYER ........................................................................ 39

CERTIFICATE OF COMPLIANCE  ............................................................ 44

CERTIFICATE OF SERVICE......................................................................45

APPENDIX:      Tab 1 (Final Judgment)

Tab 2 (Findings of Fact and Conclusions of Law)

# INDEX OF AUTHORITIES

**Cases:**

*Ayeni v. State*, 440 S.W.3d 707 (Tex. App.—Austin 2013, no pet.) ...... 21 n. 4, 36

*Baker v. Bullock,* 529 S.W.2d 279
(Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.) ................................................35

*Barclay v. Burge,* 245 S.W.2d 1021
(Tex. Civ. App.—Beaumont 1952, no writ) .........................................................20

*BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789 (Tex. 2002).............21

*Cain v. Bain,* 709 S.W.2d 175 (Tex. 1986) ........................................................22

*City of Keller v. Wilson,* 168 S.W.3d 802 (Tex. 2005).........................................21

*Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas,*
852 S.W.2d 489 (Tex. 1993) ................................................................................31

*Dodson v. Watson,* 110 Tex. 355, 220 S.W. 771 (1920) ......................................34

*Dow Chem. Co. v. Francis,* 46 S.W.3d 237 (Tex. 2001) ......................................22

*El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012)...........................38-39, 41

*Ford Motor Co. v. Ridgway,* 135 S.W.3d 598 (Tex. 2004) ..................................22

*General Motors Corp. v. Saenz,* 873 S.W.2d 353 (Tex. 1993) ..................... 20, 35

*Hensley v. Eckerhart,*
461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)...................................38

*Marcus Cable Assocs. v. Krohn,* 90 S.W.3d 697 (Tex. 2002)...............................29

*Ortiz v. Jones,* 917 S.W.2d 770 (Tex. 1996) ......................................................21

*Pace Corp. v. Jackson,* 284 S.W.2d 340 (Tex. 1955)...........................................20

*Panhandle State Bank of Borger,* 278 S.W.2d 622
(Tex. Civ. App.—Amarillo 1954, no writ) ............................................................31

*Parker v. State,* 40 S.W.3d 555 (Tex. App.—Austin 2001, no pet.) .....................37

*Ragsdale v. Progressive Voters League,* 801 S.W.2d 880 (Tex. 1990) ................38

*Southland Life Ins. Co. v. Greenwade,* 143 S.W.2d 648
(Tex. Civ. App.—Waco 1940), *reversed by* 159 S.W.2d at 858 ............. 21 n. 4, 36

*Sundance Oil Co. v. Aztec Pipe & Supply Co.,*
576 S.W.2d 780 (Tex. 1978)......................................................................... 20, 35

*Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,*
35 S.W.3d 591 (Tex. 2000)................................................................................29

*TracFone Wireless, Inc. v. Commission on State Emergency Commc'ns,*
397 S.W.3d 173 (Tex. 2013)..............................................................................32

*Wilson v. State*, 272 S.W.3d 686 (Tex. App.—Austin 2008, pet. denied) ............30

**Statutes and Rules**

Tex. Bus. Orgs. Code Ann. § 1.002(22) (West Supp. 2014) ........................ 24 n. 13

Tex. Bus. Orgs. Code Ann § 11.001(4)(B) (West Supp. 2014)................... 24 n. 13

Tex. Bus. Orgs. Code Ann § 11.001(5) (West Supp. 2014) ........................ 24 n. 13

Tex. Civ. Prac. & Rem. Code § 16.004(a)(3) ................................................. 33-34

Tex. Civ. Prac. & Rem. Code § 16.051 ................................................. 33, 33 n. 21

Tex. Tax Code Ann § 111.008 (West 2015)................................ 17, 23-25, 29-30

Tex. Tax Code Ann. § 111.013 (West 2015).....................................12, 20, 34-37

Tex. Tax Code Ann. § 111.022 (West 2015)............................... 17, 23-24, 29-30

Tex. Tax Code Ann. § 111.201 (West 2015).............23-24, 25 n. 17, 29-30, 32-33

Tex. Tax Code Ann. § 111.204 (West 2015)........................................................22

Tex. Tax Code Ann. § 111.205(a)(2) (West 2015)............... 22-23, 30 n. 20, 30-31

Tex. Tax Code Ann. § 171.302 (West 2015).............................................. 24 n. 13

Tex. Tax Code Ann. § 171.309 (West 2015).............................................. 24 n. 13

Tex. Tax Code Ann. § 171.152 (West 2015)................................................. 22, 30

## STATEMENT OF THE CASE

Appellants seek review of an erroneous final judgment in a franchise tax collection lawsuit. Trial was to the bench. The parties entered into stipulation of limited facts prior to trial, but the stipulation that "[t]he franchise taxes delinquent from Jeff Kaiser, P.C. are accurately stated and quantified in Exhibit B to Plaintiffs Original Petition in this case" was withdrawn without objection. (2 RR 32-34);[1] (3 RR at Joint Ex. 1, unnumbered page 26, at stipulation 12). Exhibit B to the Plaintiff's Original Petition, which purported to be a certified claim for Texas Franchise Tax, was never offered or entered into evidence.

The State failed to either initiate its lawsuit or file a lien within the statute of limitations. Appellants plead and argued at trial that the State's lawsuit was time barred. (CR 11);[2] (2 RR 7, 13, 38-40). The State argued that it did not have to file a lien within the limitations period; arguing that the State had an unlimited time to file a lien, and therefore the State effectively had an eternal right to initiate a

---

[1] "MR. ADAMS: So No. 12, Your Honor, they want to withdraw No. 12. That's fine with me.

THE COURT: All right. Stipulation of fact agreement No. 12, the joint motion has been withdrawn."

[2] Defendant's Original Answer, para. 2 asserting the affirmative defense that "Plaintiff's claims are barred in whole or in part by the applicable statute of limitations."

9

lawsuit. (2 RR 41-42).[3] The State itself rebutted the Comptroller's certificate of delinquency by introducing, as Plaintiff's Exhibit 4, Appellant Kaiser, P.C.'s franchise tax reports that were processed by the Comptroller. (2 RR 21); 3 RR Ex. 4, pp. 10, 14, 17, 21). The Comptroller's office had interlineated "zero" dollars as the tax liability on the reports. (2 RR 26);[4] (3 RR Ex. 4, lines 41 on pp. 10, 14, 17, 21). The State's sole fact witness testified that she had reviewed but no personal knowledge of the statements made in the Comptroller's certificate, and admitted that the Comptroller's office had altered the tax reports to put "zero" as the tax due without explanation. (2 RR 26-27).[5] Although the State's witness did not know who in the Comptroller's office had changed the amount due to "zero", she

---

[3] The State argued to the trial that "whenever the comptroller's office files a lien, even if it is some years after returns were filed, or some years after a deficiency determination was made, that that lien commences the running of the statute of limitation." (2 RR 42, lns 6-10).

[4] From the cross-examination of the State's witness from the Comptroller's office:

Q: And so you have submitted and testified to tax returns that someone at the comptroller's he lines has put a zero under "amount due"; is that correct?

A: Yes.

(2 RR 26).

[5] From the re-direct examination of the State's witness from the Comptroller's office:

Q: So the only thing the comptroller's office has done is mark through the lines of amount due and put zero, with no further explanation?

A: Correct.

(2 RR 26-27).

speculated that whoever had done so might have meant to indicate "zero" payment rather than "zero" amount due, but admitted that there was nothing on the altered forms to indicate that her speculation was correct. (2 RR 26) ("Q: It does not note that anywhere on this form, does it? A: No, it doesn't."). The State thus introduced evidence rebutting the Comptroller's certificate and the presumption of correctness was lost. The State introduced no other evidence to support the correctness of the statements in the Comptroller's certificate, did not explain the contradictory evidence, and failed to carry its burden of proof. The burden never shifted to Appellants.

At the very least, if the burden did shift, a fact issue was raised. The trial court failed to weigh the evidence and treated the Comptroller's certificate, rebutted by the State itself, as conclusive.

The trial court issued findings of fact and conclusions of law including, *inter alia*, that the statute of limitations did not bar the State's claims and that the Comptroller's certificate was conclusive and no fact issues required a finding of fact regarding a delinquency. Appellants challenge the following findings or conclusions, which are asserted to be findings of fact by the trial court:

> 8. The Texas Comptroller of Public Accounts has certified to the Texas Attorney General that Franchise Taxes are delinquent from Jeff Kaiser, P.C.

11

9. On October 27, 2014, the date of trial of this case, the sum of $34,776.53 in franchise taxes, penalties and interest was due from Jeff Kaiser, P.C.

13. The franchise taxes delinquent from Jeff Kaiser, P.C. are accurately stated and quantified in Exhibit B to Plaintiffs Original Petition in this case, a Certified Claim for Texas Franchise Tax from the Texas Comptroller of Public Accounts.[6]

(CR 84-85). Appellants challenge the following findings or conclusions, which are asserted to be conclusions of law by the trial court:

4. The State's recording of its tax lien on April 15, 2013, commenced the running of the statute of limitation in this case.

5. The State's filing of suit on August 2, 2013 was timely under Texas Tax Code § 111.202. The State's cause of action for recovery of delinquent franchise taxes is not barred by the statute of limitation.

9. Pursuant to Texas Tax Code §111.013, the Texas Comptroller's Certified Claim for Texas Franchise Tax constitutes prima facie evidence of:

   (1) the stated tax or amount of the tax after all just and lawful offsets, payments, and credits have been allowed;
   (2) the stated amount of penalties and interest;
   (3) the delinquency of the amounts; and
   (4) the compliance of the comptroller with the applicable provisions of this code in computing and determining the amount due.

10. Neither Defendant Jeff Kaiser, P.C. nor Defendant Jeffery

---

[6] Exhibit B was not introduced as evidence at trial.

Benedict Kaiser, a/k/a Jeffrey B. Kaiser offered evidence sufficient to overcome the statutory presumptions in favor of the State's Certified Claim for Texas Franchise Tax.

(CR 86-87). The trial court found or held (contrary to this Court's jurisprudence) that the statute of limitations was effectively nullified by the State's ability to file a lien whenever it wished. Despite the conflicting evidence regarding the existence and amount of any delinquency, which was introduced by the State itself, the trial court did not engage in any weighing of the evidence.

The State's evidence on attorney's fees consisted entirely of general, non-specific and non-particularized testimony of one attorney, who acknowledged that specific billing records existed, were requested, but were not produced nor offered into evidence.

## ISSUES PRESENTED

ISSUE 1: The State is subject to a three year statute of limitations in initiating a lawsuit for delinquent franchise tax liabilities. The State must initiate a lawsuit within three years of the date the taxes were due. If the State files a lien against the taxpayer within the limitations period, then the State has three years from the date the lien was filed to initiate a lawsuit. The franchise tax reports at issue, for the tax years 2004 through 2007, were filed on December 22, 2008. The State filed a lien on April 15, 2013, after the time period allowed to initiate a lawsuit and only for the tax year 2004. The State initiated this lawsuit on August 2, 2013, well past the deadlines to initiate such a lawsuit.

*Are the State's claims barred by the statute of limitations?*

ISSUE 2: The State has the burden to prove the amount a franchise

13

taxpayer owes and that the amount is unpaid. The State may shift the burden by filing a certificate of delinquency, which generally constitutes prima facie evidence of the delinquency raising a presumption of correctness. But such presumption is lost when contradicting evidence is introduced by the State. The burden never shifted and the State failed to meet its burden. At the very least, the State's contradictory evidence raised fact issues requiring a weighing of the evidence, which the trial court did not do.

*Did the trial court err in finding the Comptroller's certification afforded the State the presumption when the State itself introduced evidence contradicting the certificate's presumed correctness and in concluding that there was no fact issue to be decided because the presumption was unrebutted?*

ISSUE 3: Regardless of the method used to prove attorney's fees, the attorney's testimony must be substantive, specific and detailed. Proof of fees requires time records or other documentary evidence or an attorney's recollection of such records. Attorneys relying on recollection must refer to some type of record or documentation. If the attorney does not keep contemporaneous billing records, the attorney must reconstruct the work to provide enough information for the trial court to perform a meaningful review. In this case, the attorney testifying for the State admitted that billing records were kept, that they were requested by Appellant, and that the records were not provided. The attorney's testimony was general, non-specific and did not provide the required reconstruction of the work.

*Did the trial court err in awarding attorney's fees because the State failed to carry its evidentiary burden to establish the right to attorney's fees or the amount of reasonable and necessary attorney's fees?*

14

## STATEMENT OF FACTS

Jeffrey Kaiser was an officer and director of Jeff Kaiser, P.C., which forfeited its corporate charter on August 22, 2003. (3 RR Joint Ex., unnumbered pp. 25-26, stipulations 6, 11). The franchise tax reports at issue are those of Jeff Kaiser, P.C. for the years 2004, 2005, 2006, and 2007. (CR 3-10). The reports filed by Jeff Kaiser, P.C. stated the amount of franchise tax owed as: 2004 - $3,264; 2005 - $5,242; 2006 - $3,905; and 2007 - $11,905. (3 RR Ex. 4, pp. 10, 14, 17, 21). Each report calculated interest and penalties as well. The reports for each of these years were filed on December 22, 2008. (3 RR Joint Ex., unnumbered p. 25, stipulation 7). Four years, three months, and twenty-two days later, on April 15, 2013, the State filed a lien in the amount of $5,628.35 for only the 2004 tax period claiming the same tax due amount as stated in the report as filed by Jeff Kaiser, P.C. plus additional penalties and interest. (*Id.*, stipulation 11); (3 RR Ex. 2, unnumbered p. 8). There was no evidence offered of any liens filed by the State for tax years 2005 through 2007.

There was no evidence offered of a determination of delinquency or a jeopardy determination within the limitations period.[7]

The State initiated the instant lawsuit on August 2, 2013 seeking judgment

---

[7] The State attached to its petition as Exhibit B a document entitled "Certified Claim for Franchise Tax" but this document was never offered or admitted into evidence.

for tax years 2004 through 2007. (CR 3-10). This lawsuit came five years after the reports for each year were filed and outside the limitations period.[8] The State argued that the limitations statute allowed the State to sue within three years of filing a lien and that the State's ability to file a lien was not subject to any limitations period. (2 RR 41-42). Thus, under the State's theory, the State's filing of a lien for the 2004 tax year vitiated the limitations statute—apparently not just for 2004 but for all tax years.

The Comptroller's office received the filed reports and marked out the tax due amount and interlineated by hand a "zero" as the amount due on each report. (2 RR 26); (3 RR Ex. 4, lines 41 on unnumbered pp. 10, 14, 17, 21). On January 8, 2014, 5 years and 17 days after Jeff Kaiser, P.C. filed its reports, the Comptroller filed a document entitled "TEXAS CERTIFICATE TO ATTORNEY GENERAL OF FEE DELINQUENCY - FRANCHISE TAX" and "TRIAL CERT". (3 RR Ex. 1, unnumbered p. 1).

The State's sole fact witness testified that she had reviewed but no personal knowledge of the statements made in the Comptroller's certificate, and admitted that the Comptroller's office had altered the tax reports to put "zero" as the tax due without explanation. (2 RR 26-27). The State offered no other evidence.

_____

[8] Even the lien filed for 2004 taxes does not rescue the State's claim for 2004. The lien was

There was a stipulation of facts entered into by the parties but stipulation 12, regarding the existence and correctness of a document attached to the State's petition purporting to be a "Certified Claim for Franchise Tax", but which was never offered or entered into evidence, was ordered withdrawn after the State told the trial court that it did not object to the stipulation being withdrawn. (2 RR 32-34);[9] (3 RR at Joint Ex. 1, unnumbered page 26, at stipulation 12). The State never sought to introduce evidence of any assessment by the Comptroller's office other than the January 8, 2014 "trial cert".

## SUMMARY OF THE ARGUMENT

The statute of limitations had passed when the State initiated this lawsuit. The State had four years to assess taxes if it did not agree with the tax due as stated in the filed reports. The State did not challenge or disagree with the tax due amounts as stated in the reports filed, and there is no record of the State making any jeopardy determination under Section 111.008 of the Texas Tax Code or a deficiency determination under Section 111.022.

Thus, the State had three years from the date the taxes were due to file either

---

filed over four years after the 2004 report was filed; outside the limitation period.

[9] "MR. ADAMS: So No. 12, Your Honor, they want to withdraw No. 12. That's fine with me.

THE COURT: All right. Stipulation of fact agreement No. 12, the joint motion has been withdrawn."

a lien or a lawsuit. Because the reports were filed on December 22, 2008, the State had until December 22, 2011 to file a lien or institute an action. If the State had filed a lien within this limitation period then it would have had three years from the date of the lien to initiate a lawsuit. On April 15, 2013, the State filed an untimely lien for only the tax year 2004. The State's lawsuit was not filed within the limitations period. The State's argument that it can file a lien anytime it wishes to, and thus have eternity to sue a taxpayer, is without merit and is contrary to this Court's prior decisions. Because there is no evidence of liens filed for the tax years 2005, 2006, or 2007, even under the State's "eternity to sue" theory the State's claims only apply to 2004. The judgment should be reversed and judgment rendered for Appellants because the State's claims are barred by limitations.

Even if the State's claims were not barred by limitations, the judgment should be reversed because the Court impermissibly relieved the State of its burden of proof. The State introduced into evidence a Comptroller's "trial cert" dated January 8, 2014. A certificate from the Comptroller is prima facie evidence of the amount of an alleged delinquency. The certificate raises a rebuttable presumption of correctness. However, in this case the State presented evidence that contradicts, or could be reasonably interpreted as contradicting, the correctness of the statements in the certificate. In such a case, the presumption is lost and the State must meet its burden through other evidence and may not rely solely upon the

18

presumption. In this case, the State did not introduce any evidence other than the certificate and relied entirely upon the presumption. The burden never shifted and the State failed to meet its burden of proof. Even if the burden did shift, there was a fact issue for the trier of fact and the trial court did not engage in a weighing of evidence. The State itself introduced evidence and testimony that the Comptroller marked out the amount due on the filed tax reports and wrote "zero" on the tax due line of the reports. This evidence and testimony is in conflict with the statements in the certificate. In this circumstance, as with a sworn account, the certificate is deprived of its presumption of correctness.

The State offered no evidence other than the "trial cert". The trial court accepted the certificate as conclusive evidence and erred in finding that the State had met its burden of proof without presenting any evidence other than the certificate. The trial court's findings and conclusions show that the trial court did not engage in any weighing of evidence. The evidence was thus legally and factually insufficient to support the trial court's findings and to support the judgment.

The State failed to carry its burden to prove that it was entitled to attorney's fees. The attorney testifying for the State admitted that billing records were kept, that they were requested by Appellants, and that the records were not provided. The State did not offer its attorney's billing records into evidence. The State's

attorney's testimony was general, non-specific, and did not provide the required reconstruction of the work. The evidence was factually and legally insufficient to support an award of attorney's fees.

## ARGUMENT

### I. Burden of Proof and Standard of Review.

The burden of proof is on the State as the plaintiff. *See Pace Corp. v. Jackson,* 284 S.W.2d 340, 350 (Tex. 1955) (stating that the person asking for action from the court has the burden of proof); *Barclay v. Burge,* 245 S.W.2d 1021, 1023 (Tex. Civ. App.—Beaumont 1952, no writ) (stating that usually the plaintiff has the burden of proof). The State may provide prima facie evidence in the form of a certificate from the Comptroller *showing a delinquency* to raise a rebuttable presumption sufficient to shift the burden to the taxpayer. Tex. Tax Code § 111.013. However, when contradicting evidence that supports no delinquency is contained in, or attached in support of, the certificate by the Comptroller, then the certificate cannot support a presumption and is not prima facie burden-shifting evidence. *See General Motors Corp. v. Saenz,* 873 S.W.2d 353, 359 (Tex. 1993) ("Once . . . evidence contradicting the presumption has been offered, the presumption disappears."); *see also Sundance Oil Co. v. Aztec Pipe & Supply Co.,* 576 S.W.2d 780, 780-81 (Tex. 1978) (sworn account deficient and not prima facie

20

evidence of debt when movant's own pleadings and exhibits raise fact question).[10]

The Court reviews a trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002). The Court reviews a trial court's findings of fact for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996).

In a legal sufficiency challenge, the Court reviews the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807 (Tex. 2005). A legal sufficiency challenge should be sustained if the record reveals: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence

---

[10]   It appears that a Comptroller's certificate that is insufficient to give rise to the presumption can be some evidence of a deficiency if the insufficient certificate is entered into evidence. *See Southland Life Ins. Co. v. Greenwade,* 143 S.W.2d 648, 650-51 (Tex. Civ. App.—Waco 1940), *reversed by* 159 S.W.2d at 858 (evidence insufficient to give rise to legal presumption could still be considered and weighed by the fact-finder); *see also Ayeni v. State*, 440 S.W.3d 707, 715-16 (Tex. App.—Austin 2013, no pet.) (J. Pemberton, concurring) (analyzing *Southland Life* to Comptroller's certificate of deficiency in franchise tax case). However, in this case the trial court was the finder of fact and entered conclusions of law and findings of fact making clear that the judgment was based upon the presumption alone and not a weighing of evidence. (C.R. 84-87) (trial court's finding number 8 and conclusion number 9).

conclusively establishes the opposite of the vital fact. *Id.* at 810. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex. 2004).

For a factual sufficiency challenge, the Court considers and weighs all the evidence in the record, both supporting and against the finding, to decide whether the finding should be set aside. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001). If the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust then the judgment should be set aside. *Id.; Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986).

## II. The statute of limitations bars the State's claims

The limitations period began on December 22, 2008, when the reports for the tax years at issue were filed. Pursuant to sections 111.204, 171.512, and 111.205(a)(2) of the tax code, the late filing date began the period of limitations:

> BEGINNING OF PERIOD OF LIMITATION. In determining the beginning date for a period of limitation provided in this title, the date that a tax is due and payable is the day after the last day on which a payment is required by the chapter of this title imposing the tax.

Tex. Tax Code Ann. § 111.204. The "the day after the last day on which a payment is required by the chapter of this title imposing the tax" is May 16—for example, 2004 taxes are due and payable May 15, 2005. *Id.* § 171.152 ("DATE

22

ON WHICH PAYMENT IS DUE. [ . . . ] (c) Payment of the tax covering the regular annual period is due May 15, of each year after the beginning of the regular annual period."). In the case at bar, however, because the reports were filed late, the limitations period began when the reports were filed—December 22, 2008. *Id.* § 111.205(a)(2) (assessment limitation tolled until report is filed).

Under section 111.201 of the tax code, the State has only four years from the date that the taxes becomes due and payable to make a tax assessment. *Id*. § 111.201 ("No tax imposed by this title may be assessed after four years from the date that the tax becomes due and payable."). The franchise taxes for tax years 2004 through 2007 became due and payable when Jeff Kaiser, P.C. filed its reports on December 22, 2008. The State had until December 22, 2012 to assess taxes but there is no evidence that the State did so.

Under section 111.202, the State must bring an action to collect delinquent taxes, penalties, and interest within three years after a delinquency or jeopardy determination has become due and payable. *Id.* § 111.202. There is no evidence of a delinquency or jeopardy determination. *Id.* § 111.008 (requirements for jeopardy determination); § 111.022 (requirements for deficiency determination).

Other than Jeff Kaiser, P.C.'s franchise tax reports, there is no evidence of a deficiency or jeopardy determination or assessment by the Comptroller with four

23

years.[11]  Tex. Tax Code § 111.201 (West 2013) (4 year limitation to assess); § 111.008 (requirements for jeopardy determination); § 111.022 (requirements for deficiency determination).

The State did not file a lien or this action within three years.[12]  *Id.* § 111.202 (action must be filed within 3 years of lien or deficiency or jeopardy determination).

The record on appeal demonstrates the following facts, which establish that the State's claims are time barred:

(1)     On August 22, 2003 the Texas Secretary of State forfeited Jeff Kaiser, P.C.'s corporate charter, making Jeff Kaiser, P.C. a "forfeited filing entity".[13]

(2)     On August 23, 2006, pursuant to Texas law, all claims by or against Jeff Kaiser, P.C. were extinguished.[14]

(3)     On December 22, 2008, Jeff Kaiser, P.C. filed franchise tax reports for the tax years 2004, 2005, 2006, and 2007[15] showing the following

---

[11]     The only evidence of any kind of a deficiency determination is a January 8, 2014 Comptroller's "trial" certificate, which was filed 5 years and 17 days after the franchise tax reports were filed.  (3 RR Ex. 1, unnumbered p. 1).

[12]     The State filed an untimely lien on tax year 2004 only.  (3 RR Ex. 2, unnumbered p. 8).

[13]     (3 RR at Joint Ex. 1, unnumbered page 26, at stipulation 8).  Tex. Bus. Orgs. Code Ann. § 1.002(22) (West Supp. 2014), § 11.001(4)(B), (5); *see also* Tex. Tax Code Ann. §§ 171.302, 171.309 (West 2015).

[14]  Tex. Bus. Orgs. Code Ann. § 11.356(a) (West 2012) ("[A]n existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the [existing] claim not later than the third anniversary of the date of termination.").

[15]     (3 RR at Joint Ex. 1, unnumbered page 25, at stipulation 7).

24

taxes, penalties, and interest due (rounded up to nearest dollar):

| Tax Year | Tax Due |
|----------|---------|
| 2004 | $3,264 |
| 2005 | $5,242 |
| 2006 | $3,905 |
| 2007 | $11,905 |
| Total | $21,316 |

(4)     The Comptroller's office received the franchise tax reports and crossed out the total amount due on line 41 of each report and interlineated "zero" as the "total amount due and payable".[16]

(5)     The Comptroller did not audit, assess, or otherwise disagree with the tax due on the reports filed by Jeff Kaiser, P.C. The record shows no deficiency determination under Tex. Tax Code § 111.008 and no deficiency determination at all other than the Comptroller's "trial" certification on January 8, 2014.[17]

(6)     Instead, on April 15, 2013,[18] the Comptroller filed a tax lien for 2004 and subsequently filed this lawsuit. The tax lien filed for the 2004 tax year listed the amount of tax due as $3,263.81, which is the same amount of tax due as listed on Jeff Kaiser, P.C.'s 2004 report as filed. The lien also listed and penalties and interest through the date the lien was filed.[19] No liens for tax years 2005, 2006, or 2007 were filed.

(7)     On August 2, 2013, the State filed this lawsuit. In its lawsuit the State alleged the following deficiencies (rounded here into whole dollars):

---

[16] (2 RR 26); (3 RR Ex. 4, lines 41 on unnumbered pp. 10, 14, 17, 21).

[17] 5 years, 17 days after Jeff Kaiser, P.C. filed reports for 2004 to 2007, which is well beyond the 4-year limitation on assessment. Tex. Tax Code § 111.201.

[18] 4 years, 3 months, 22 days after the 2004 report was filed.

[19] (3 RR P's Ex. 2).

25

| Tax Year | Tax Due | Penalty & Interest | Total |
|---|---|---|---|
| 2004 | $3,264 | $2,321 | $5,585 |
| 2005 | $5,242 | $3,431 | $8,673 |
| 2006 | $3,905 | $2,254 | $6,159 |
| 2007 | $8,532 | $4,168 | $16,699 |
| | | | |
| Total | $20,943 | $12,174 | $37,116 |

The tax due amounts for each year, as alleged in the State's petition, were the same as the amounts as on the reports filed by Jeff Kaiser, P.C., indicating the State was agreeing with the calculation of the tax due stated on the reports as filed. The only exception is 2007, in which the State alleged that the tax due amount was less than the amount stated on the filed report. The record is silent as to the reason the State's allegations gave a credit or reduction on the tax due amount as shown on the 2007 report as filed.

(8)     On January 8, 2014, the Comptroller filed a "Texas Certificate to Attorney General of Fee Delinquency" with the Attorney General's office as stipulated in Stipulation No. 8. This "trial" certification of delinquency provided only totals for the years 2004 to 2007 and did not provide a yearly breakdown. This certification listed the delinquency on January 8, 2014 as: Tax Due - $20,941.26, Penalty - $4,188.24, Interest - $9,142.28, for a total of $34,271.78. The Tax Due amount listed was the same as alleged by the State in its previously filed petition and consistent with the amount reported by Jeff Kaiser, P.C.

The State accepted the tax due amounts listed on the filed reports. There was no timely assessment of additional taxes, no jeopardy determination, and no deficiency determination. There was no timely filed lien for the tax year 2004, and no lien filed at all for tax years 2005, 2006, or 2007. The State did not timely file this action and the State's claims are barred by limitations.

In an attempt to escape limitations, the State argued at trial that it had

26

eternity to file a lien and, so long as the State then filed an action within 3 years of the eternity it had to file a lien, its collection lawsuit was therefore timely. Unfortunately for the State, this Court, citing the Texas Supreme Court, has rejected similar "eternity" arguments because "[t]he three-year limitation granted by the legislature would be extended indefinitely [. . .] rendering the statute ineffective". *See Lawyers Surety Corp. v. State,* 825 S.W.2d 803-04 (Tex. App.—Austin 1992, no writ) (citing *Hatcher v. State,* 125 Tex. 84, 81 S.W.2d 499 (Tex. 1935)).

The State's "eternity" argument relies upon a misinterpretation of section 111.202, which reads as follows:

> SUIT LIMITATION. At any time within three years after a deficiency or jeopardy determination has become due and payable or within three years after the last recording of a lien, the comptroller may bring an action in the courts of this state, or any other state, or of the United States in the name of the people of the State of Texas to collect the amount delinquent together with penalties and interest.

Tex. Tax Code Ann. § 111.202. The State argues that there is no limitation on when it can file a lien, thus the legislature's 3-year limitation is rendered ineffective because the State could delay for more than three years, in fact could delay forever, filing a lien. As described below, this "eternity" argument is strikingly similar to the argument rejected by this Court, albeit for other reasons, in *Lawyers Surety Corp.*

27

In *Lawyers Surety Corp.*, as in this case, the parties agreed that the 3-year statute of limitation in section 111.202 had run. However, the State argued that the 3-year limitations period did not apply because the State was suing the surety on the bond and not the taxpayer directly. Thus, under the State's theory, there was no limitations period and it effectively had eternity to sue the surety. This Court rejected the State's "eternity" argument, stating the following principle:

> In this case, to allow recovery on the bond itself would effectively repeal § 111.202. If the State were able to initiate suit for taxes against the surety after the three-year limitation of § 111.202, the taxpayer would ultimately lose the statutory protection of this legislation because of the surety's contractual right to recover on the bond itself. If the surety pays the debt which is at the time barred by limitation as against the principal, but is a valid obligation against the surety, such surety may recover against the principal. The three year limitation granted by the legislature would be extended indefinitely since the State could delay for more than three years before filing suit for the taxes against the sureties of these required bonds. The sureties would then pursue the principal taxpayer, rendering the statute ineffective. The principal would, in effect, be forced to defend a suit for these taxes more than three years after the final deficiency determination, which clearly violates the legislature's language in § 111.202. Also, the surety itself would have no way of determining when its liability on these bonds expires.
>
> ***The three-year limitation granted by the legislature would be extended indefinitely since the State could delay for more than three years before filing suit for the taxes against the sureties of these required bonds.*** The sureties would then pursue the principal taxpayer, rendering the statute ineffective. The principal would, in effect, be forced to defend a suit for these taxes more than three years after the final deficiency determination, which clearly violates the legislature's language in § 111.202.

*Lawyers Surety Corp.,* 825 S.W.2d at 803-04 (citations and internal quotation marks omitted).

Further, following the Texas Supreme Court's guidance on construing a statute, the State's "eternity" argument in this case fails as it did in *Lawyers Surety Corp.* In construing a statute the Court's purpose is to determine the Legislature's intent. *Marcus Cable Assocs. v. Krohn,* 90 S.W.3d 697, 706 (Tex. 2002). "As a starting point, we construe statutes as written and, if possible, ascertain intent from the statutory language. We may also consider other factors, including the object the statute seeks to obtain, legislative history, and the consequences of a particular construction. Moreover, we must always consider a statute as a whole and attempt to harmonize its various provisions." *Id.* (citations omitted).

Thus, section 111.202 (3-year limitation on bringing an action) should not be read in isolation (as the State would have the Court read it in order to escape limitations). *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 593 (Tex. 2000) (stating that Court is not to construe statutory language in isolation but in the context of the entire statutory scheme). A section of a statute must be read and harmonized with other sections. *Id.* In this case, section 111.202 (3-year limitation on bringing an action) must be read and harmonized in the context of the entire statutory scheme, which would include sections 111.201 (4 year limitation to assess), 111.008 (requirements for jeopardy determination), and

111.022 (requirements for deficiency determination).

Under Section 111.202, "the Comptroller may bring an action to collect delinquent taxes, penalties, and interest within three years after the deficiency has become due and payable." *Wilson v. State*, 272 S.W.3d 686, 689 (Tex. App.—Austin 2008, pet. denied). But when franchise taxes are due and payable is a moving target, depending upon the actions taken by the Comptroller and the State. If the Comptroller does not disagree with the tax due amount on a franchise tax report, the franchise tax becomes "due and payable" on the later of May 16 or the day a late report is filed. *Id.* §§ 171.152 (taxes due and payable May 16; being the day after report is due); 111.205(a)(2) (assessment limitation tolled until report is filed). Thus, the limitations period ends 3-years after the later of May 16 or the day the report is late-filed.

But section 111.201 allows the Comptroller four years "from the date that the tax becomes due and payable" to assess franchise taxes. Tex. Tax Code § 111.201.[20] If the Comptroller does disagree with the tax due amount on the filed franchise tax report, then it may, within 4-years of the later of May 16 or date the report is filed, make a jeopardy or deficiency determination. *Id.* §§ 111.008, 111.022. In that case the franchise taxes then become "due and payable" upon the

---

[20]    Under certain circumstances not relevant here, for example fraud or gross error, the Comptroller can assess taxes beyond this 4-year period. Tex. Tax Code § 111.205.

finality of that determination. *Id.* Thus, the limitations period ends 3-years after the finality of the determination.

In the case at bar, the State offered no evidence of a jeopardy or deficiency determination within the 4-year assessment limitation that would extend the 3-year limitations on filing an action.

A lien must be filed during the time in which a tax may be assessed (being 4 years from when the taxes were due and payable) for the simple reason that, if the State has no enforceable debt, then it has no right to file a lien. *See Spicknall v. Panhandle State Bank of Borger,* 278 S.W.2d 622 (Tex. Civ. App.—Amarillo 1954, no writ) ("There can be no lien if there be no enforceable debt as a basis therefor.").

The State's "eternity" to file a lien theory would require the Court to ignore the "due and payable" assessment limitation and the entire statutory scheme. In particular, the language and effect of section 111.205, which lists the circumstances under which the State may assess after the 4-year limitation (and implicitly excluding all other circumstances including the State's "eternity" theory). Tex. Tax Code § 111.205; *see also Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas,* 852 S.W.2d 489, 493 n. 7 (Tex. 1993) (discussing the doctrine of *expressio unius est exclusio alterius* in the context of statutory construction).

31

In this case the franchise taxes were "due and payable" on December 22, 2008. The State did not disagree with the tax due amount as stated on the franchise tax reports as filed and did not make a jeopardy or deficiency determination, which would have established a new "due and payable date". In short, the State did not assess taxes within the 4-year limitation period and so it did not extend the 3-year limitation on bringing an action. The untimely filing of a lien on the 2004 taxes does not restart the assessment limitations period. A lien must be filed within 4 years of the taxes being due and payable and in this case the State filed its lien too late.

To the extent that there may be any ambiguity in section 111.201, or ambiguity in the interplay between it and the other tax code sections setting the "due and payable" date, Appellants note that the 3-year limitation from December 22, 2008 is appropriate in this case under the second cardinal rule recently reiterated by the Texas Supreme Court:

> Judicial construction of tax statutes eschews fuzzy math. Legislators must speak clearly, agencies heed assiduously, and courts review exactly. Several cardinal, century-old principles dictate strictness in tax matters: (1) tax authorities cannot collect something that the law has not actually imposed; (2) imprecise statutes must be interpreted most strongly against the government, and in favor of the citizen; and (3) we will not extend the reach of an ambiguous tax by implication, nor permit tax collectors to stretch the scope of taxation beyond its clear bounds.

*TracFone Wireless, Inc. v. Commission on State Emergency Commc'ns,* 397

32

S.W.3d 173, 183 (Tex. 2013), The State invites the Court to interpret an imprecise statute in favor of the government, and against the citizen, which is the opposite of the Texas Supreme Court's cardinal rule. The Court's exacting review should apply the 3-year limitation period from section 111.202 to this case and all the State's claims should be barred by limitations.

Alternatively, if the Court holds that the 3-year limitations period in section 111.201 is not applicable, the Court should still find the State's claims subject to the Texas Civil Practice and Remedies Code, section 16.004's 4-year statute of limitations on the collection of a debt or the 4-year residual statute of limitations in section 16.051. Tex. Civ. Prac. & Rem. Code §§ 16.004(a)(3), 16.051.[21] The State's cause of action accrued on December 22, 2008, the accrual (*i.e.* the "due and payable" date) was not extended and, if section 111.201 does not apply, then no provision of the tax code removes the State's claims from the 4-year limitation in section 16.004(a)(3).

In the further alternatively, if the Court holds that the State's April 15, 2013 lien filing for the 2004 tax year did extend the limitations period, the Court should limit the judgment to the alleged deficiency for the year 2004.

Finally, also in the further alternative, if the Court holds that the alleged

---

[21]   Sec. 16.051 reads as follows: "RESIDUAL LIMITATIONS PERIOD. Every action for which there is no express limitations period, except an action for the recovery of real property,

deficiencies for each tax year are not barred by section 111.201 or section 16.004(a)(3), then the Court should limit the judgment to the amounts due as reported by Jeff Kaiser, P.C. because of the Comptroller's failure to assess additional taxes within section 111.202's 4-year assessment limitation period.

**III.    The State's own evidence contradicted the Comptroller's certification the presumption was lost or, at the very least, a question of fact was raised requiring the trial court to weigh the evidence.**

Texas Tax Code, section 111.013(a) provides that:

(a) In a suit involving the establishment or collection of a tax imposed under Title 2 or 3 of this code, a certificate of the comptroller that shows a delinquency is prima facie evidence of:

> (1) the stated tax or amount of the tax, after all just and lawful offsets, payments, and credits have been allowed;

> (2) the stated amount of penalties and interest;

> (3) the delinquency of the amounts; and

> (4) the compliance of the comptroller with the applicable provisions of this code in computing and determining the amount due.

Tex. Tax Code § 111.013(a).   Well established law holds that prima facie evidence is sufficient to establish a fact unless contradicted by other evidence. *See Dodson v. Watson,* 110 Tex. 355, 220 S.W. 771, 772 (1920) ("Prima facie evidence is merely that which suffices for the proof of a particular fact until contradicted and

---

must be brought not later than four years after the day the cause of action accrues."  Tex. Civ. Prac. & Rem. Code § 16.051.

34

overcome by other evidence."). This Court has long held that the Comptroller's certification of delinquency raises a presumption that, if unrebutted, is sufficient to establish, as a matter of law, the amount of tax owed. *Baker v. Bullock,* 529 S.W.2d 279, 281 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.).

But when the party benefiting from a presumption introduces evidence contrary to the evidence on which the presumption is based, the presumption is lost. *See General Motors Corp. v. Saenz,* 873 S.W.2d 353, 359 (Tex. 1993) (presumption disappears with introduction of contradictory evidence); *see also Sundance Oil Co. v. Aztec Pipe & Supply Co.,* 576 S.W.2d 780, 780-81 (Tex. 1978) (sworn account deficient and not prima facie evidence of the debt when the movant's own pleadings and exhibits raise a fact question of whether the nonmovant was a party to the transaction).

The State itself rebutted the Comptroller's certificate of delinquency by introducing into evidence Appellant Kaiser, P.C.'s franchise tax reports processed by the Comptroller as Plaintiff's Exhibit 2. The State's sole fact witness testified that she had reviewed but no personal knowledge of the statements made in the Comptroller's certificate, and admitted that the Comptroller's office had altered the tax reports to put "zero" as the tax due without explanation. (2 RR 26-27).

The State relied entirely upon the presumption and introduced no other evidence of a deficiency. The State failed to carry its burden and the burden never

shifted to Appellants.

Even if the burden did shift, a fact issue was raised by the State's introduction of evidence contrary to the certificate. There is a question of how much evidence is sufficient to rebut the presumption that the certificate is correct. *See Ayeni v. State*, 440 S.W.3d 707, 713 (Tex. App.—Austin 2013, no pet.) (J. Pemberton concurring) ("[N]othing in section 111.013 purports to require *conclusive* contrary evidence to rebut or join issue with a Comptroller's certificate.") (emphasis in original). There is, however, no question that more than a scintilla of rebuttable evidence raises a fact issue requiring a weighing of evidence by the trier of fact—even if the weighing determines that the rebuttal evidence does not to rise to the level of "conclusive". *See Southland Life Ins. Co. v. Greenwade,* 159 S.W.2d 854, 857 (Tex. 1942) (when contradicted evidence raising presumption weighed against contradicting evidence by fact finder).

In this case the State itself supplied more than a scintilla of rebuttal evidence sufficient, at the very least, to raise a fact issue and require a weighing by the finder of fact. The State introduced evidence rebutting the Comptroller's certificate and raising a fact issue regarding a delinquency. Despite this conflicting evidence regarding any delinquency, the trial court failed to weigh the evidence and treated the Comptroller's certificate, rebutted by the State itself, as conclusive.

The trial court's made no finding of fact concerning the evidence of

delinquency. Instead, the trial court, in its conclusions of law, stated that: "Pursuant to Texas Tax Code §111.013, the Texas Comptroller's Certified Claim for Texas Franchise Tax constitutes prima facie evidence of:

> (1) the stated tax or amount of the tax after all just and lawful offsets, payments, and credits have been allowed;
> (2) the stated amount of penalties and interest;
> (3) the delinquency of the amounts; and
> (4) the compliance of the comptroller with the applicable provisions of this code in computing and determining the amount due.

(C.R. 87, conclusion 9). "Neither Defendant Jeff Kaiser, P.C. nor Defendant Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser offered evidence sufficient to overcome the statutory presumptions in favor of the State's Certified Claim for Texas Franchise Tax." (C.R. 87, conclusion 10). The trial court did not consider or weigh the contradicting evidence that the State itself entered into evidence. It merely accepted the presumption as established and did not consider that the State itself, rather than Appellants, had presented the contradictory evidence raising a fact issue as to whether there was in fact a delinquency. The State's evidence raised an issue regarding taxes assessed and collected that was not addressed in the certificate. *See Parker v. State,* 40 S.W.3d 555 (Tex. App.—Austin 2001, no pet.) (certificate did not answer question of sales taxes collected from customers);

The State introduced no evidence other than the Comptroller's "trial" certificate and relied solely upon the presumption. Because the presumption was lost, the Court should reverse and render. Alternatively, the Court should reverse

37

and remand for a new trial. At the very least a fact issue was raised by the State's contradictory evidence, the trial court did not weigh the evidence or make a factual finding, and the evidence is legally and factually insufficient to support the trial court's findings.

## IV.    The trial court erred in awarding attorney's fees

The award of attorney's fees generally rests in the sound discretion of the trial court. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881 (Tex. 1990) (per curiam). But a party applying for an award of attorney's fees under the lodestar method bears the burden of documenting the hours expended on the litigation and the value of those hours. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012).

Regarding the State's testimony and evidence (or lack thereof) supporting an award of attorney's fees, this case is strikingly similar to *El Apple I, Ltd. v. Olivas.* In *Olivas*, the Texas Supreme Court reversed the award of attorneys' fee award because the plaintiff's attorneys failed to provide sufficient details of the work they actually performed. While the plaintiff's attorneys presented testimony that they spent 890 hours prosecuting the case, they based their fee request on generalities did not introduce time records, billing statements, or invoices. They provided little or no detail regarding which plaintiff's attorney performed which task. As a result,

38

the Texas Supreme Court held that there was insufficient information for the trial court to provide a meaningful review of their fee application. The Supreme Court noted that it had never explained the proof necessary for an award of attorneys' fees, it remanded the case so that the attorneys would have another opportunity to present evidence of their fees. In this case the State had the Supreme Court's guidance from *Olivas* yet failed in the exact same manner as the *Olivas* plaintiffs.

The State failed to carry its burden to prove that it was entitled to attorney's fees. As in *Olivas*, in this case the State's attorney's testimony was general, non-specific, and did not provide the required reconstruction of the work. (2 RR 27-31). The case against an award of attorney's fees is even stronger than it was in *Olivas* because the attorney testifying for the State admitted that billing records were kept, that they were requested by Appellants, and that the records were not provided. (2 RR 29-31). The State did not offer attorney's billing records into evidence.

The State failed to present sufficient information for the trial court to provide a meaningful review of their fee application. Following the *Olivas* decision, the State has left the Court with little choice but to reverse and deny the State's attorney's fee application. The evidence was simply insufficient, factually and legally in light of *Olivas*.

## CONCLUSION AND PRAYER

The State's claims are barred by limitations. The limitations period began

when Appellant Jeff Kaiser, P.C. filed its franchise tax reports on December 22, 2008 and the taxes were due and payable. The State had until December 22, 2011, 3-years from when the taxes were due and payable, to initiate this lawsuit. Even if the Tax Code did not contain this 3-year limitation, under the limitations in the Civil Practice and Remedies Code, the State's action would be barred after December 22, 2012. The State initiated this action on August 2, 2013. And the State failed to take advantage of the Tax Code giving the State the ability to get a second bite at the apple. If the State had, before December 22, 2012, made an assessment, deficiency, or jeopardy determination, or filed a lien, the State could have extended the time it had to initiate this action by an additional 3 years. There is no evidence that the State took any of these actions before December 22, 2012. The evidence shows that the only action the State took (besides filing this lawsuit outside of the limitations period) was to file a lien on April 15, 2013, which was beyond the 4-year assessment limitation. This late-filed lien covered only the tax year 2004 but was not in time to extend even an action limited to 2004. The State's theory that it can file a lien at any time, and thus effectively have eternity to sue a taxpayer, would vitiate the statutory limitations scheme, is contrary to this Court's precedent, and contrary to the rules of statutory construction.

While a Comptroller's certification of a delinquency is afforded the status

40

of prima facie evidence raising a presumption of correctness, if the State itself introduces evidence contrary to the evidence raising the presumption, then the presumption is lost and the burden never shifts. The State relied entirely upon the presumption and introduced no other evidence. In fact, the State's fact witness admitted having no knowledge of the facts of this case other than having read and relied upon the Comptroller's "trial" certification. Thus, the evidence is factually and legally insufficient to support the trial court's findings of fact and the judgment. The Court should reverse and render.

Even if the burden did shift, a fact issue was raised by the State's introduction of evidence contrary to the Comptroller's certification and a weighing of the evidence and a fact finding was required. The trial court did not weigh the evidence and the Court should, alternatively, reverse and remand for a new trial.

Finally, the State failed to meet its burden of proof to establish its right to attorney's fees. The only evidence to support attorney's fees was the general, non-particularized testimony of one attorney, who admitted that billing records existed, were sought by Appellants in discovery, were never produced, and were never offered into evidence. Pursuant to the Texas Supreme Court's guidance in *El Apple I, Ltd. v. Olivas*, the State failed to present sufficient information for the trial court to provide a meaningful review of their fee application. The Court

41

should reverse and render judgment denying the State attorney's fees or, in the alternative, remand.

WHEREFORE, PREMISES CONSIDERED, Appellant Jeff Kaiser respectfully requests that the Court of Appeals reverse and render judgment for Appellants that the State take nothing on its limitations-barred claims. Additionally or alternatively, Appellants request that the Court reverse the award of attorney's fees. Alternatively, Appellants request that the judgment be reversed in part to limit the judgment to only the tax year 2004 or, in the further alternative, limited to the amounts reported by Jeff Kaiser, P.C. on its filed reports. In the further alternative, Appellants request that the judgment be reversed and remanded for a new trial. Appellants pray for any further relief to which they are entitled.

Respectfully submitted,

*/s/ George F. May/*
_____
George F. May
State Bar No. 24037050
TWOMEY | MAY, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 - Telephone
(832) 201-8485 - Facsimile
george@twomeymay.com

Attorneys for Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. Pro. 9.4, the undersigned certifies this brief complies with the type-volume limitation of Tex. R. App. Pro 9.4(i)(2)(3).

1. EXCLUSIVE OF THE EXEMPTION PORTIONS IN TEX. R.APP. PRO 9.4(I)(1), THE BRIEF CONTAINS(select one):

   A. 6,652 words, OR

   B. _____ lines of text in monospaced typeface.

2. THE MOTION HAS BEEN PREPARED (select one):

   A. in proportionally spaced typeface using:

      Software Name and Version: Microsoft Word; P.C. 2013 in Times New Roman 14, or

   B. in monospaced (nonproportionally spaced) typeface using:

      Typeface name and number of characters per inch:

*/s/ George F. May/*
_____
George F. May

Date: May 28, 2015

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below on May 28, 2015 as follows:


Mr. John C. Adams                                    Texas E-File/ E-Mail
Office of the Attorney General
300 W. 15th Street, Floor 8
Austin, Texas 78701
E-Mail: John.adams@texasattorneygeneral.gov

Mr. Sean O'Neill
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548, MC 008
Austin, Texas  78711-2548
Email: Sean.Oneill@texasattorneygeneral.gov

Attorney for The State of Texas

   By (check all that apply)
     ☐ personal delivery
     ☐ mail
     ☐ commercial delivery service
     X fax, email, or electronic service

      */s/ George F. May/*
       George F. May

       Date:  May 28, 2015

**APPENDIX**

Tab 1 (Final Judgment)

Tab 2 (Findings of Fact and Conclusions of Law)

# APPENDIX

**TAB 1**

Filed in The District Court
of Travis County, Texas

DEC - 2 2014 RT

At _____ 11:50 A M.
Amalia Rodriguez-Mendoza, Clerk

NO. D-1-GV-13-000790

| | | |
|---|---|---|
| THE STATE OF TEXAS | ' | IN THE DISTRICT COURT OF |
| | ' | |
| VS | ' | |
| | ' | TRAVIS COUNTY, TEXAS |
| | ' | |
| JEFF KAISER, P.C. AND JEFFERY | ' | |
| BENEDICT KAISER, A/K/A JEFFREY | ' | |
| B. KAISER | ' | 98TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

BE IT REMEMBERED that on October 27, 2014, the above-entitled and numbered cause came before the Court for trial; and the Court proceeded to consider the pleadings and the evidence admitted at trial, and the arguments of counsel; and the Court found that judgment should be rendered for Plaintiff; it is therefore

ORDERED that Plaintiff, THE STATE OF TEXAS, recover from Defendants JEFF KAISER, P.C. AND JEFFERY BENEDICT KAISER, A/K/A JEFFREY B. KAISER, jointly and severally, the sum of $34,776.53, which sum represents the franchise tax, penalties and interest, shown in the Comptroller's certificates admitted into evidence in this matter, plus interest at the statutory rate specified in Ch. 111.010 of the Texas Tax Code on those amounts from October 27, 2014 until paid; and it is further

ORDERED that Plaintiff, the State of Texas, recover from the Defendants JEFF KAISER, P.C. AND JEFFERY BENEDICT KAISER, A/K/A JEFFREY B. KAISER, jointly and severally, the sum of $2,500.00 as its reasonable and necessary attorney's fees; plus court costs herein incurred and court costs which may hereafter be incurred in the collection of this judgment if the same be necessary, for all of which execution and other process necessary to enforce this judgment may issue.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED this the _____ 1st _____ day of ____ December ____, 2014.

_____
JUDGE PRESIDING

**TAB 2**

D-1-GV-13-000790

| THE STATE OF TEXAS | ' | IN THE DISTRICT COURT OF |
| | ' | |
| VS. | ' | TRAVIS COUNTY, TEXAS |
| | ' | |
| JEFF KAISER, P.C. AND | ' | |
| JEFFERY BENEDICT KAISER, | ' | 98TH JUDICIAL DISTRICT |
| A/K/A JEFFREY B. KAISER | ' | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On the 27th day of October 27 2014, came on to be heard the above numbered and styled cause. Having heard the testimony, admitted exhibits into evidence, and entertained argument of counsel the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1. Jeff Kaiser, P.C. was a Texas Professional Corporation.

2. Jeff Kaiser, P.C. was incorporated on or about July 10, 2001 by filing Articles of Incorporation with the Texas Secretary of State.

3. Jeff Kaiser was the initial director of Jeff Kaiser, P.C. listed in the Articles of Incorporation.

4. Jeff Kaiser, P.C. did not file its first Franchise Tax/Public Information Report when due.

5. On January 28, 2003, the Texas Comptroller of Public Accounts forfeited the corporate privileges of Jeff Kaiser, P.C. because the corporation failed to file its first Franchise Tax/Public Information Report when that report was due.

6. The Texas Secretary of State forfeited the corporate charter of Jeff Kaiser, P.C. on August 22, 2003.

7. On December 22, 2008, Jeff Kaiser, P.C. filed Franchise Tax Returns for calendar years 2004, 2005, 2006, 2007 and 2008.

1

8. The Texas Comptroller of Public Accounts has certified to the Texas Attorney General that Franchise Taxes are delinquent from Jeff Kaiser, P.C.

9. On October 27, 2014, the date of trial of this case, the sum of $34,776.53 in franchise taxes, penalties and interest was due from Jeff Kaiser, P.C.

10. Jeff Kaiser, listed as the initial director of Jeff Kaiser, P.C. is the same person as Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser, the named individual defendant in this lawsuit.

11. Jeff Kaiser was the sole officer and director of Jeff Kaiser, P.C.

12. On April 15, 2013, the Texas Comptroller of Public Accounts filed a State Tax Lien against Jeff Kaiser, P.C. for the delinquent Franchise Taxes.

13. The franchise taxes delinquent from Jeff Kaiser, P.C. are accurately stated and quantified in Exhibit B to Plaintiff's Original Petition in this case, a Certified Claim for Texas Franchise Tax from the Texas Comptroller of Public Accounts.

14. Plaintiff brought suit against Defendants pursuant to Section 171.255 of the Texas Tax Code.

15. On August 8, 2008, Defendant Jeffery Benedict Kaiser filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the Houston Division of the United States Bankruptcy Court; Case No. 08-35261.

16. The Plaintiff entered no appearance, nor filed any Proof of Claim in the Bankruptcy case of Jeffery Benedict Kaiser.

17. On July 15, 2009, Defendant Jeffery Benedict Kaiser was granted an unrestricted general discharge in the bankruptcy case.

18. On April 15, 2013, nine (9) years and eight (8) months after the forfeiture of the corporate charter of Jeff Kaiser, P.C.; and three (3) years and eight (8) months after Defendant Jeffery Benedict Kaiser's Bankruptcy Discharge, the Texas Comptroller of Public Accounts filed a tax lien against Jeff Kaiser, P.C. for the taxes allegedly owed by Defendant Jeff Kaiser, P.C. for the tax years 2004, 2005, 2006, and 2007.

19. On August 2, 2013, the State of Texas filed this lawsuit against Jeff Kaiser, P.C., and the individual former officer/director of that corporation, Jeffery Benedict Kaiser.

20. August 2, 2013 is less than three years after April 15, 2013.

21. The attorney's fee requested by Plaintiff, The State of Texas, in the amount of $2,500.00 is reasonable in this case.

2

# CONCLUSIONS OF LAW

1. This case was brought by the State of Texas to secure a judgment for delinquent franchise taxes against the permitted taxpayer, Jeff Kaiser, P.C. pursuant to Chapter 171 of the Texas Tax Code, and to impose personal liability for the delinquent franchise taxes on the individual defendant, Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser, pursuant to Texas Tax Code §171.255.

2. In their Answer, Defendants raised the defense of the statute of limitation to Plaintiff's cause of action to recover delinquent franchise taxes.

3. The statute of limitation applicable to this case is Texas Tax Code §111.202, which provides in part: "At any time within three years after a deficiency or jeopardy determination has become due and payable or **within three years after the last recording of a lien**, the comptroller may bring an action in the courts of this state…"

4. The State's recording of its tax lien on April 15, 2013, commenced the running of the statute of limitation in this case.

5. The State's filing of suit on August 2, 2013 was timely under Texas Tax Code §111.202. The State's cause of action for recovery of delinquent franchise taxes is not barred by the statute of limitation.

6. In his Answer, Defendant Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser raised the defense of Discharge in Bankruptcy to his personal liability for the franchise taxes made the subject of this lawsuit.

7. At or prior to trial, Defendant Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser abandoned the defense of Discharge in Bankruptcy to his personal liability for the franchise taxes made the subject of this lawsuit by failing to raise, argue or offer evidence to support the defense of Discharge in Bankruptcy.

8. Regardless of Defendant's abandonment of the defense of Discharge in Bankruptcy, the taxes made the subject of this lawsuit are excepted from discharge in bankruptcy by the operation of Bankruptcy Code, 11 U.S.C. §523(a)(1)(B)(ii). That section excepts from discharge any taxes for which a return is required and for which the returns are filed after they were due, and after two years before the date of filing the petition in bankruptcy.

3

9. Pursuant to Texas Tax Code §111.013, the Texas Comptroller's Certified Claim for Texas Franchise Tax constitutes prima facie evidence of:

> (1) the stated tax or amount of the tax, after all just and lawful offsets, payments, and credits have been allowed;
> (2) the stated amount of penalties and interest;
> (3) the delinquency of the amounts; and
> (4) the compliance of the comptroller with the applicable provisions of this code in computing and determining the amount due.

10. Neither Defendant Jeff Kaiser, P.C. nor Defendant Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser offered evidence sufficient to overcome the statutory presumptions in favor of the State's Certified Claim for Texas Franchise Tax.

11. Pursuant to Texas Tax Code §171.255, as an officer and director of Jeff Kaiser, P.C., Defendant Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser is personally liable for the delinquent franchise taxes of Jeff Kaiser, P.C. that accrued after the corporate privileges of Jeff Kaiser, P.C. were forfeited for the failure to file a report or pay a tax or penalty and before such corporate privileges were revived.

12. Defendants Jeff Kaiser, P.C. and Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser are jointly and severally liable for the delinquent franchise taxes made the subject of this lawsuit.

13. Plaintiff, The State of Texas, is entitled to recover attorney's fees pursuant to TEX. GOVT CODE ANN. § 2107.066.

14. Defendants Jeff Kaiser, P.C. and Jeffery Benedict Kaiser, a/k/a Jeffrey B. Kaiser are jointly and severally liable for the attorney's fees awarded to Plaintiff in this case.

Signed on the 21st day of December, 2014.

_____
HON. JON WISSER
JUDGE PRESIDING

4